Filed 9/25/13  In re C.F. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  C.F.,  Defendant and Appellant. | E056937  (Super.Ct.No. J244512)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Barbara A. Buchholz, Judge.  Reversed with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, C.F. (Minor), touched his two-year-old stepsister's vagina with his hand and his erect penis. He admitted to committing a lewd and lascivious act. He was ordered into out-of-home placement and placed on formal probation on various terms and conditions. Minor now claims on appeal as follows:

1. The trial court prejudicially erred in failing to advise him of his constitutional rights in taking his admission, and therefore his plea was not knowingly and intelligently made.

2. The juvenile court abused its discretion in ordering that Minor be put into out-of-home placement.

3. The juvenile court failed to make the appropriate findings pursuant to Welfare and Institutions Code section 726, subdivisions (a) and (d).

4. The probation conditions that he not possess any dangerous or deadly weapons, not associate with persons under the age of 14 years, and not possess obscene material were unconstitutionally broad and vague.

We reverse the judgment.

I

FACTUAL[1] AND PROCEDURAL BACKGROUND

On June 1, 2012, Minor was visiting his father and stepmother at their home. His stepmother entered the bedroom of her two-year-old daughter and found Minor straddling her. Minor admitted to her that he touched the baby's vagina with his hand and his erect penis. Her vagina was a little red and wet.

On June 5, 2012, a Welfare and Institutions Code section 602 petition was filed against 13-year-old Minor for a felony violation of Penal Code section 288, subdivision (a). On June 20, 2012, Minor admitted the charge. Minor's mother and stepfather were ordered to find a suitable relative for placement of Minor but were unsuccessful. After a hearing regarding proper placement, Minor was ordered into out-of-home placement and placed on probation under various terms and conditions.

II

FAILURE TO ADVISE MINOR OF HIS CONSTITUTIONAL RIGHTS

Minor contends the trial court did not properly advise him of his constitutional rights to a court trial, to confront witnesses, and his right against self-incrimination when taking his admission to the violation of Penal Code section 288. He insists that based on the totality of the circumstances, the record does not support that he knowingly and intelligently waived his rights.

---

[1] The facts are derived from the probation report.

A. *Additional Factual Background*

On June 20, 2012, Minor appeared for a pretrial. Each of the parties announced their appearances. The trial court asked Minor's counsel if there was a resolution of the matter. Minor's counsel stated that Minor would admit the charge.

The following exchanged occurred:

"[THE COURT:] [Minor], turning to you I need to ask if you had enough time today to speak with your attorney and ask her any questions that you might have?

"THE MINOR: Yes, sir.

"THE COURT: All right. [¶] Also, has anyone threatened you or forced you to make an admission?

"THE MINOR: No, sir.

"THE COURT: All right. [¶] Has anyone made you any promises so you would make an admission today?

"THE MINOR: No, sir.

"THE COURT: All right. Thank you. [¶] And [Minor], because of your age I need to ask you, do you understand the difference between right and wrong?

"THE MINOR: Yes, sir.

"THE COURT: All right. [¶] Is it wrong to touch someone inappropriately without their permission?

"THE MINOR: Wait, can you say that question one more time?

4

"THE COURT: Sure. [¶] Is it wrong for you to sexually touch someone inappropriately without their permission?

"THE MINOR: Yes, sir.

"THE COURT: Can you give me another example of something that is wrong or illegal to do?

"THE MINOR: Fighting?

"THE COURT: Fighting is a good example, yes. [¶] Can you also give me an example of something good or right to do?

"THE MINOR: Just following the law.

"THE COURT: Okay. That's good enough. [¶] [Minor], I do see that you understand the difference between right and wrong so I will accept an admission from you with respect to the pending charge. [¶] If you would be good enough to answer my next question with a yes or no response if you would. [¶] Do you admit on or about June 1st, 2012, in the above named judicial district that you did commit the crime of lewd act upon a child in violation of Penal Code Section 288 as a felony?

"THE MINOR: Yes, sir.

"THE COURT: All right.

"[DEFENSE COUNSEL]: Join.

"[PROSECUTOR]: Accept.

"THE COURT: Court finds that Counsel has consented and joined in the admission on behalf of the [M]inor. [¶] The district attorney is satisfied with the

5

admission and notice has been given as required by law.  [¶]  The information on the petition is correct as to [Minor]'s date of birth and county of residence.  [¶]  The [M]inor knowingly and intelligently waived his right to a hearing on the issues presented as well as his Constitutional Rights.  [¶]  The [M]inor understands the nature of the conduct alleged in the petition as well as consequences of the admission.  The admission has been made freely and voluntarily.  There's a factual basis for the admission.  The allegations of the petition will be deemed true as charged in Count I."

B. *Analysis*

A criminal defendant's plea of guilty amounts to a waiver of three constitutional rights:  (1) the privilege against self-incrimination; (2) the right to a trial by jury; and (3) the right to confront one's accusers.  Accordingly, the trial court must advise a defendant of these rights and obtain his or her waiver of each right before taking such a plea. (*Boykin v. Alabama* (1969) 395 U.S. 238, 243; *In re Tahl* (1969) 1 Cal.3d 122, 132 (collectively, *Boykin-Tahl*).)  "Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission" of the charge. (*People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).)

"The *Boykin-Tahl* protections afforded an accused, other than the right of trial by jury, are available to juveniles charged pursuant to the Juvenile Court Law, as proceedings thereunder may result in a substantial deprivation of liberty analogous to incarceration for crime. [Citation.]  The absence of a knowledgeable waiver of constitutional rights before entering a guilty plea or, in the case of juvenile court

6

proceedings, the admission of jurisdictional facts constitutes grounds for relief . . . ." (*In re Ronald E.* (1977) 19 Cal.3d 315, 321, abrogated on other grounds in *People v. Howard* (1992) 1 Cal.4th 1132, 1174-1178.)

Here, the colloquy between the juvenile court and Minor establishes that he was not advised of his constitutional rights. Although the juvenile court asked if Minor had been coerced into entering his admission, and also determined whether he knew right from wrong, at no time did the juvenile court ask for a waiver of his *Boykin-Tahl* rights. Moreover, there was no written plea agreement signed by Minor containing the appropriate advisements.

"[I]f the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission . . . was intelligent and voluntary in light of the totality of circumstances. [Citation.]" (*Mosby, supra,* 33 Cal.4th at p. 361.) Any error in accepting an admission will be deemed harmless if the record affirmatively shows that it was voluntary and intelligent under the totality of the circumstances. (*People v. Howard, supra,* 1 Cal.4th at pp. 1175-1178.)

In *Mosby, supra,* 33 Cal.4th 353, the defendant was given incomplete *Boykin-Tahl* advisements in that he was not advised of his right to remain silent and to confront witnesses against him. (*Mosby, supra,* at pp. 357-358, 360.) On appeal, the defendant contended that the trial court's incomplete advisement of rights rendered his admission of a prior conviction invalid. However, the California Supreme Court pointed out that the

7

defendant had just sat through an entire jury trial.  Applying the totality of circumstances test, the *Mosby* court concluded that the "defendant voluntarily and intelligently admitted his prior conviction despite being advised of and having waived only his right to jury trial."  (*Id.* at pp. 364-365, fn. omitted.)  "'[H]e knew he did not have to admit [the prior conviction] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction he was now admitting.'"  (*Id.* at p. 365.)  Although *Mosby* was in the context of a defendant's admission of a prior conviction, our Supreme Court has assumed that the same totality of the circumstances test applies "on direct appeal from a guilty plea to a substantive offense . . . ."  (*People v. Allen* (1999) 21 Cal.4th 424, 439, fn. 4.)

The situation here is not comparable to the one presented in *Mosby*.  Minor had no previous convictions and no experience in court.  He was a 13-year-old boy facing his first criminal conviction.  Although Minor had apparently discussed the matter with his counsel, there is nothing in the record to support that his counsel advised him of his constitutional rights.  Moreover, the fact that the trial court stated on the record that Minor had waived his constitutional rights appears to be merely a recitation of a familiar statement made by the juvenile court in taking admissions, and is not based on an actual, on-the-record waiver by Minor.

8

The People argue that under the totality of the circumstances the record demonstrates a voluntary and intelligent decision to admit the allegation. They refer to the clerk's transcript, which states: "Court informs the [M]inor of constitutional rights to confrontation and against self incrimination, the nature of the offense and possible consequences of admission right to compel the attendance of witnesses." The People contend that based on the minute order, there appears to be proceedings that were not transcribed during which the juvenile court properly advised Minor.

Where a discrepancy exists between the reporter's transcript and an entry in a minute order, the record will be harmonized wherever possible, but "[i]f it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case. [Citation.]" (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) The reporter's transcript for June 5, the day that Minor's admission was taken, contains a complete recitation of the proceedings on that date. The parties stated their appearances and the admission was immediately taken. There is no indication that any part of the proceeding was not reported. On this record, we must conclude that the necessary advisements were not given to Minor outside the record of the proceedings.

The People's reliance on *People v. Sullivan* (2007) 151 Cal.App.4th 524 is misplaced. In *Sullivan*, the reporter's transcript of the hearing on the defendant's *Faretta*[2] motion was not available and the defendant claimed that he was not given proper advisements. (*People v. Sullivan, supra,* at pp. 544, 548.) The appellate court presumed the trial court gave the proper advisements in the face of no evidence to the contrary, and denied the defendant's claim. (*Id.* at p. 550.)

In this case, we have the reporter's transcript of the hearing on Minor's admission. Nothing in the transcript of the proceedings on June 5 suggests that any further advisements, either written or oral, were provided to Minor. The trial court's reference to Minor waiving his right to a hearing as well as his constitutional rights does not indicate that an off-the-record discussion occurred.

The totality of the circumstances does not permit the inference that Minor voluntarily and intelligently waived his constitutional rights. Therefore, the failure to advise Minor and obtain his waivers concerning his constitutional rights was not harmless. Minor's conviction for violating Penal Code section 288, subdivision (a) must be reversed. Since we reverse this matter on the grounds that Minor did not knowingly and voluntarily waive his rights, we need not address Minor's other claims raised on appeal as they are moot.

---

[2] *Faretta v. California* (1975) 422 U.S. 806.

III

DISPOSITION

The judgment is reversed and Minor's sentence is vacated. The matter is remanded to the juvenile court for further proceedings for Minor to enter a new admission to the charge, or proceed to trial if he so chooses.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
J.

We concur:

McKINSTER _____
Acting P. J.

MILLER _____
J.