Filed 3/18/14  P. v. Bobbitt CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057872 |
| v. | (Super.Ct.No. RIF1105603) |
| FREDERICK GARNETT BOBBITT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge. Affirmed.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Frederick Bobbitt of second degree burglary (Pen. Code, § 459; Count 1)[1] and petty theft (§ 484, subd. (c); Count 2). In a bifurcated proceeding, defendant admitted two prior felony convictions from the state of Georgia. The trial court imposed the upper term of three years imprisonment, doubled to six years because of defendant's prior strikes.

Defendant challenges the validity of his waiver of a trial on his prior convictions, arguing that the trial court's failure to ask him if he was aware that he was surrendering his rights not to testify and to confront the witnesses against him rendered his waiver ineffective. We disagree.

## FACTUAL AND PROCEDURAL HISTORY

On October 8, 1992, defendant was convicted of robbery in Glynn County, Georgia.[2] He was sentenced to 15 years in state prison, and was paroled after serving less than eight years. On April 11, 2002, defendant was convicted of robbery in Ware County, Georgia. He was sentenced to 10 years in state prison, but was paroled after

---

[1] All further statutory references are to the Penal Code unless indicated.

[2] The Georgia statute under which defendant was convicted reads: "§ 16-8-40. Robbery [¶] (a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: [¶] (1) By use of force; [¶] (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or [¶] (3) By sudden snatching. [¶] (b) A person convicted of the offense of robbery shall be punished by imprisonment for not less than one nor more than 20 years. [¶] (c) Notwithstanding any other provision of this Code section, any person who commits the offense of robbery against a person who is 65 years of age or older shall, upon conviction thereof, be punished by imprisonment for not less than five nor more than 20 years." (Ga. Code Ann. § 16-8-40 (West).)

serving less than eight years. The robberies followed a pattern: defendant would approach a cashier for a purchase. Once the cash register was opened, he would strike the cashier in the face and grab money from the till.

In the instant case, on November 1, 2011, defendant approached the cashier in a home décor gift shop in Riverside. He had a 38-cent postcard in his hand, and gave the cashier 50 cents in payment. When the cashier opened the register, defendant pulled the register towards himself and grabbed some bills from the cash tray. Defendant left the store with $111. Police officers tracked defendant to a city bus and arrested him. Defendant was recognized at an in-field identification by the cashier, and another witness that had followed defendant as he left the area where the gift shop was located.

Defendant bifurcated trial on the current charges from the issue of his prior convictions. He was informed by the trial judge that he had a right to a jury trial on both issues, but waived a jury trial in favor of a bench trial on the priors. Defense counsel also moved before trial to "dismiss" the prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal. 4th 497. The motion was denied.

Prior to the decision on the motion, defense counsel announced defendant had decided to waive his right to a bench trial on the out-of-state strikes and would admit to them. Counsel put on the record the substance of a conversation he had with defendant about the "elements of robbery under the California Code and also the facts underlying [defendant's] conviction in Georgia." The trial judge asked if defendant understood admitting the prior strikes could double his term of imprisonment for the current conviction. Defendant replied "Yes. I want to get it over with."

3

The prosecutor then had defendant admit the prior strikes on the record. At that point, defense counsel again noted he had reviewed the court records for both strikes and "went through all the elements of robbery under California law with [defendant]." Defendant agreed on the record that was correct. He then received a six-year sentence.

## DISCUSSION

Defendant contends that his waiver of a court trial on the strike priors was invalid because it was not made knowingly and intelligently.

Since a guilty plea has serious consequences, a defendant seeking to plead must be informed and aware of his rights before a court accepts his plea. The United States Supreme Court found that a guilty plea constitutes the waiver of a defendant's rights against self-incrimination, to trial by jury, and to confrontation of the evidence against him. As a result, if a "plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." (*Boykin v. Alabama* (1969) 395 U.S. 238, 243, fn. 5 (*Boykin*).) The California Supreme Court required that all three rights "be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (*In re Tahl* (1969) 1 Cal.3d 122, 132.) This process is collectively called "the *Boykin-Tahl* admonitions." The same rule applies to the acceptance of an admission of the truth of an alleged prior conviction or prior prison term. (*In re Yurko* (1974) 10 Cal.3d 857, 863.)

Subsequent precedent has held that reversal is required for failure to give the *Boykin-Tahl* advisements only if the totality of the circumstances of the record does not demonstrate that the plea was knowingly and intelligently entered. (*People v. Howard* (1992) 1 Cal.4th 1132, 1175; *People v. Bradford* (2008) 169 Cal.App.4th 843, 853-854.) The focus of this examination is not "whether the defendant received express rights advisements, and expressly waived them, [but] whether the defendant's admission was intelligent and voluntary because it was given with an understanding of the rights waived." (*People v. Mosby* (2004) 33 Cal.4th 353, 361 (*Mosby*).) A *Mosby* inquiry is not limited to "the courtroom colloquy," and takes in the record of the entire proceedings. (*Ibid*.)

Further, *Mosby* differentiates between cases with "truly silent-record[s]" as to the *Boykin-Tahl* advisements and those, as here, where the defendants had been advised of their right to a jury trial, but not of the other two constitutional rights. (*Mosby*, *supra*, 33 Cal.4th at pp. 361-363.) Where the record is completely silent, a reviewing court cannot infer that a defendant has knowingly and intelligently waived all three rights. (*Id*. at p. 362.) When a defendant has actually waived his jury trial right, the status of the remaining rights may be constructed from review of the record.

The *Mosby* Court did not elevate procedure over function. "[T]rial on a prior conviction is 'simple and straightforward,' often involving only a presentation by the prosecution 'of a certified copy of the prior conviction along with defendant's photograph [or] fingerprints' and no defense evidence at all." (*Mosby*, *supra*, 33 Cal.4th at p. 364, quoting *People v. Monge* (1997) 16 Cal.4th 826, 838.) Extensive

5

proof is not required to support a waiver of a trial of prior convictions. The *Mosby* defendant had just finished a jury trial, and "not only would have known of, but had just exercised, his right to remain silent at trial. . . . And, because he had, through counsel, confronted witnesses at that immediately concluded trial, he would have understood that at a trial he had the right of confrontation." (*Mosby*, at p. 364.) Finally, the Court noted a defendant with prior convictions has some degree of knowledge and sophistication regarding his legal rights, and since 1970, would have received at least the *Boykin* advisements as part of any guilty plea. (*Mosby*, at p. 365.)

The totality of circumstances can lead to the conclusion that a defendant was unaware of his rights. That was the decision in *People v. Christian* (2005) 125 Cal.App.4th 688 (*Christian*), where the defendant pled no contest to the charges against him and had not been tried. (*Id.* at pp. 693, 697.) Further, there was no information regarding whether the defendant's priors resulted from plea or trial. (*Id.* at p. 697.) "Given the lack of information regarding [the defendant's] prior convictions, the significant gap [in time between his last conviction and the present charges], and the lack of other facts demonstrating an awareness and comprehension of his constitutional rights, we cannot infer that [the defendant's] prior experience in the criminal justice system demonstrated his present knowledge and understanding of his rights. [Citations.]" (*Id.* at pp. 697-698.) Although it is not an in-depth inquiry, the question of the knowledge and voluntariness attributable to a defendant's decision to waive a trial is fact-dependent.

6

"[T]he standard of review . . . is whether the record affirmatively demonstrates that the plea was voluntary and intelligent under the totality of the circumstances." (*People* v. *Wash* (1993) 6 Cal.4th 215, 268.) The trial court's express and implied findings must be upheld if supported by the record. (*People* v. *Webb* (1993) 6 Cal.4th 494, 531-532.) Here there is a clear record defendant was informed of his right to a trial on the priors, and an implicit finding by the trial court that defendant was aware of and understood his right to silence and confrontation.

Counsel and the trial judge each told defendant that he had a right to go to trial on his prior convictions:

"[Defense Counsel]: [Defendant], I informed you that you have a right to a jury trial with respect to your priors, that specifically—the alleged prior robbery convictions, and you did inform me that you stipulate and you agree to have a bench trial, which means the judge will try those convictions, correct?

"Defendant: Yes.

"The Court: All right. So you waive jury on that issue and—and agree that I can hear whether or not there is a valid prior or not; is that correct?

"Defendant: Yes, sir."

When defendant decided to waive the bench trial, the judge asked him on the record if he understood the consequences of so doing:

"[Defense Counsel]: I spoke to my client. He advised the court that he was going to consent to a bench trial. I spoke to him today, and I believe he's just going to admit those strikes. So I just wanted to put several things on the record.

7

"The Court: Okay. Let's do that.

"[Defense Counsel]: [Defendant], I went through your convictions, all the reports that came from the state of Georgia. I went through the elements of robbery under the California Code and also the facts underlying your conviction in Georgia. And you told me today that you just wanted to admit that the two convictions that you have in Georgia were strikes under California law; is that correct?

"Defendant: Yes.

"The Court: All right. And you understand, [Defendant], what that means is that your sentence is subject to being doubled because you have those strike priors? And you understand that, your maximum sentence for your crime?

"Defendant: Yes.

"The Court: And with that in mind, you still want to admit those two priors?

"Defendant: Yes. I want to get it over with."

Defendant clearly waived his right to a jury trial.

Under *Mosby*, *supra*, this is a case involving an incomplete advisement of *Boykin-Tahl* rights. In such cases, we look to the circumstances of the case to determine whether or not defendant was likely aware of his other *Boykin-Tahl* rights. Here, as in *Mosby*, defendant had just completed a trial where he did not testify and where his counsel confronted his accusers through cross-examination. Defendant knew of and exercised these rights.

8

The People note defendant pled guilty to the 2002 robbery and was likely given at least the *Boykin* advisement of his rights. Because of that, and defendant's additional criminal history, the People argue defendant's knowledge can be presumed. Defendant asserts there was too great of a time gap between the current criminal charges and his prior offenses to impute knowledge of his rights from those experiences with the judicial system. Nine years passed since defendant's last robbery conviction, and defendant uses that fact to liken this case to *Christian*, *supra*, where there was a similar gap.

*Christian*, however, involved a plea to both the offense and the priors, which meant that the defendant had not just completed trial. (*Christian*, *supra*, 125 Cal.App.4th at p. 697.) Defendant here was tried before a jury, and exercised both his right to remain silent and, through his attorney, his right to confront and challenge the evidence against him. Unlike in *Christian*, knowledge of these rights can be imputed to defendant because of his recent utilization of them. Similarly, defendant's argument that the lack of information about whether his prior convictions were obtained by plea, or through trial matters to assessing his level of knowledge about his rights, is unpersuasive. Any significance they may have is dwarfed by the fact of his current experience through trial. There is no doubt that defendant was aware of his rights to remain silent and to confrontation of evidence against him despite the failure of the trial court to specifically and expressly enumerate them.

We conclude that under the totality of the circumstances defendant voluntarily and intelligently admitted his prior convictions despite being advised of and having expressly waived only his right to a jury trial.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RICHLI
Acting P. J.

KING
J.