Filed 8/6/14  P. v. Valdez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066817 |
| Plaintiff and Respondent, | (Super. Ct. No. DF010971A) |
| v. | **OPINION** |
| CIRENIO AMBRIZ VALDEZ, | |
| Defendant and Appellant. | |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Kern County.  Robert S. Tafoya, Judge.

Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Franson, J., and Peña, J.

## INTRODUCTION

On January 9, 2013, appellant, Cirenio Ambriz Valdez, was charged in an amended information with two felony counts of driving under the influence of alcohol with two prior felony convictions for driving under the influence (Veh. Code, §§ 23152, subd. (a) & 23550.5, count 1) and driving with a blood alcohol of .08 percent or higher with two prior felony convictions for driving under the influence (Veh. Code, §§ 23152, subd. (b) & 23550.5, count 2). The amended information further alleged a misdemeanor violation of driving a vehicle with a suspended license (Veh. Code, § 14601.2, subd. (a), count 3), two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)), and five prior convictions for driving while under the influence of drugs or alcohol.[1]

Prior to the commencement of a jury trial, the court granted appellant's motion for a bifurcated trial on the issue of the truth of the prior prison term enhancements, and on the truth of his prior driving under the influence convictions. Appellant was found guilty of all three counts.[2] Appellant waived a jury trial on the truth of his prior convictions. Appellant admitted the truth of one of the prior prison term enhancements and of all the allegations in the amended information that he had multiple convictions for prior acts of driving under the influence.[3] The second prior prison term enhancement was withdrawn on motion by the prosecutor.

Appellant was sentenced to prison for the upper term three years on count 1 and to a consecutive term of one year for the prior prison term enhancement. Appellant's

---

[1]     Unless otherwise designated, all further statutory references are to the Penal Code.

[2]     Because the only issue on appeal involves whether appellant knowingly and voluntarily waived his right to a trial on the truth of his prior convictions, we do not recount the facts of appellant's offense.

[3]     The element in counts 1 and 2 of appellant's prior convictions was also bifurcated.

sentence on count 2 was stayed pursuant to section 654 and he was sentenced to a concurrent term on count 3, the misdemeanor count.

Appellant contends that his waiver of a jury trial on the truth of his prior convictions for driving under the influence was not knowing and intelligent because the trial court failed to properly advise him of his constitutional rights prior to taking his admission of the prior convictions. We find that the record, taken as a whole, indicates that appellant made a knowing and intelligent waiver of his right to a jury trial on the truth of his prior convictions as well as the truth of the prior prison term enhancement.

## DISCUSSION

### *Trial Proceedings*

Appellant's trial counsel, Killain Jones, argued a lengthy in limine motion to bifurcate the issue of the truth of appellant's prior convictions for driving under the influence. Mr. Jones's strategy was to protect appellant from the possibility of the jury knowing about the past convictions so jurors would not say "hey he did it in the past, he did it this time." The trial court noted that the prior conviction allegations were related more to sentencing than to any element of the current allegations.

After consulting with the prosecutor, the court ruled that should appellant testify, the prosecutor could impeach him by asking appellant about his two prior felony convictions by referring to them as crimes of moral turpitude. Appellant did not testify and the defense rested without calling witnesses.

Just before the jury deliberations concluded, Jones informed the court that "if the jury comes back with a guilty verdict, Mr. Valdez says he's – if the jury comes back with a guilty verdict, he will admit the prison prior and the prior convictions without a jury." The court replied that it understood "the jury was being waived." Jones replied, "Yes." The court asked appellant if that was what he wanted to do. Appellant replied, "Yes." The jury finished deliberations and announced its verdict.

3

The court again asked appellant if it was his intention to admit the prior convictions that were alleged. Again, appellant replied, "Yes." Appellant then admitted five prior convictions for driving under the influence and one prior prison term enhancement.

*Analysis*

Appellant asserts *Yurko* error,[4] contending the record fails to show that he knowingly and voluntarily waived his constitutional rights when he admitted the prior convictions and the prior prison term enhancement because he had not been given the advisements described in *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin-Tahl*). Appellant contends that, since he was not specifically advised of his right to confront witnesses and his privilege against self-incrimination, his admissions must be set aside. We find that this case falls within the incomplete advisement category of cases and the totality of the circumstances in this record demonstrate defendant knowingly and voluntarily waived his constitutional rights when he admitted his prison prior.

Generally, before accepting a defendant's guilty plea, the trial court must advise a defendant and obtain waivers of (1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers before accepting a guilty plea. (*People v. Mosby* (2004) 33 Cal.4th 353, 359 (*Mosby*).) These three rights are referred to as *Boykin-Tahl* rights. (See *Mosby, supra,* at p. 360.)

The trial court must ensure that a defendant who wishes to admit a prior conviction first receives a *Boykin-Tahl* advisement on the defendant's rights regarding jury trial, self-incrimination, and witness confrontation. (*In re Yurko*, *supra*, 10 Cal.3d at p. 863.) When the *Boykin-Tahl* advisement is defective, the appellate court must remand

---

[4]     *In re Yurko* (1974) 10 Cal.3d 857.

4

unless the record affirmatively shows the waiver was "'voluntary and intelligent under the *totality of the circumstances*.'" (*Mosby*, *supra*, 33 Cal.4th at p. 360, quoting *People v. Howard* (1992) 1 Cal.4th 1132, 1175 (*Howard*).) The entire proceeding, not just the plea colloquy, is reviewed. (*Mosby*, at p. 361.)

The California Supreme Court divides defective plea advisements into two categories: (1) silent record cases, and (2) cases of incomplete *Boykin-Tahl* advisements. (*Mosby*, *supra*, 33 Cal.4th at pp. 361-362.) Cases categorized as silent record cases must be remanded by the appellate court because it cannot infer a voluntary and intelligent waiver from the record. (*Id.* at p. 362.) Conversely, cases in the incomplete advisement category can be affirmed if the record affirmatively shows voluntary and intelligent waiver. (*Id.* at p. 365; see *Howard*, *supra*, 1 Cal.4th at p. 1180.)

"Truly silent-record cases are those that show no express advisement or waiver of the *Boykin-Tahl* rights before a defendant's admission of a prior conviction." (*Mosby*, *supra*, 33 Cal.4th at p. 361.) Included in this group are cases that have only a fleeting reference to a jury trial but no other advisement. In silent-record cases, the trial court often fails to take an actual waiver of any constitutional right from the defendant. (*Id.* at p. 362.)

A case of incomplete advisement occurs when the defendant is advised of his or her right to a jury trial on the prior conviction allegation but not of the right to remain silent or the right to confront witnesses. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) In *Mosby*, the trial court advised the defendant of his right to a trial by jury on the issue of a prior conviction allegation that had been bifurcated from underlying narcotics allegations. (*Mosby*, *supra*, 33 Cal.4th at pp. 356-358.) The defendant expressly waived his right to a jury trial on the truth of the prior conviction, but was not advised of and did not waive his other *Boykin-Tahl* rights. (*Mosby*, *supra*, at pp. 357-358.)

5

The Supreme Court in *Mosby* adopted the finding by the Court of Appeal that had rejected the defendant's argument that the trial court erred in failing to inform him of his rights to remain silent and to confront witnesses: "'It would exalt a formula (*Boykin-Tahl*) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary) to suggest that a defendant, who has just finished a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial' when[,] after being advised of the right to a trial on an alleged prior conviction[,] the defendant waives trial and admits the prior." (*Mosby*, *supra*, 33 Cal.4th at p. 364.)

*Mosby* noted that the trial on a prior conviction was straightforward and questioned whether a defendant who had just finished a trial for sale of cocaine would not have understood that the trial of the alleged prior would afford him the same rights as he had at trial on the drug offense. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) We find the same true of appellant in the case at bar.

Appellant's counsel sought during in limine motions to bifurcate the truth of appellant's prior convictions for sentence enhancement purposes as well as for the truth of the prior prison term enhancement. Prior to the jury issuing its verdict, appellant's counsel informed the court that his client was waiving a jury trial. The court asked appellant if this was the case and appellant responded affirmatively. Appellant also expressly waived his right to a jury trial on the truth of the prior convictions and the prison term enhancement.

Finally, although it is uncertain from the current record whether appellant entered a guilty plea in any of his five prior convictions, it is clear that appellant was very familiar during his sixth proceeding with the criminal process. On this record, we find from all of the circumstances that appellant made a knowing and intelligent admission of the truth of his criminal convictions and the prior prison term enhancement.

6

## DISPOSITION

The judgment is affirmed.