15 Cal.Rptr.3d 262 (2004)
92 P.3d 841
33 Cal.4th 353
The PEOPLE, Plaintiff and Respondent,
v.
Clyde MOSBY, Defendant and Appellant.
No. S104862.
Supreme Court of California.
July 8, 2004.
Elizabeth Campbell, Sacramento, under appointment by the Supreme Court, and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, Stan A. Cross and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.
*263 KENNARD, J.
Thirty years ago this court held that before accepting a criminal defendant's admission of a prior conviction, the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront adverse witnesses. (In re Yurko (1974) 10 Cal.3d 857, 863, 112 Cal.Rptr. 513, 519 P.2d 561.) Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction. (People v. Howard (1992) 1 Cal.4th 1132, 1178-1179, 5 Cal.Rptr.2d 268, 824 P.2d 1315 (Howard); North Carolina v. Alford (1970) 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162.)
When, immediately after a jury verdict of guilty, a defendant admits a prior conviction after being advised of and waiving only the right to trial, can that admission be voluntary and intelligent even though the defendant was not told of, and thus did not expressly waive, the concomitant rights to remain silent and to confront adverse witnesses? The answer is "yes," if the totality of circumstances surrounding the admission supports such a conclusion.

I
On April 13, 1999, defendant Clyde Mosby was arrested for selling a $20 piece of rock cocaine to an undercover police officer. He was charged with one count of selling cocaine (Health & Saf.Code, § 11352, subd. (a)), and it was alleged he had a prior felony conviction for possession *264 of a controlled substance (Health & Saf.Code, § 11370, subds. (a) & (c)).[1]
At trial, the prosecution offered three witnesses: Detective Chaplin, who bought the cocaine, described its purchase; Detective Reyes, who was present at the arrest, identified the rock of cocaine as the one he had seized; and chemist Edwin Smith testified that the rock contained cocaine base. Defendant's attorney cross-examined each detective. Defendant did not testify, although his codefendant did.
After the trial court learned that the jury had arrived at its verdict, the trial court asked defendant whether he wanted a jury trial on the bifurcated prior conviction allegation.
"The Court: The question is, should this jury return a guilty verdict as to Mr. Mosby, the hearing on whether it is true he did suffer such a prior conviction. Mr. Dawson [hereafter defense counsel].
"[Defense Counsel]: Your Honor, I've spoken with Mr. Mosby, and at this time he's willing to, first of all, waive jury on that issue. He will leave that in the hands of the court.
"But secondly, at [t]his time, I am in agreement that he will admit the enhancement, which essentially, absent unusual circumstances, makes him probation ineligible and allow the court to do what it will at sentencing if that becomes a necessary issue.
"The Court: Well, your understanding is he's willing to waive the jury?
"[Defense Counsel]: Waive the jury and actually admit the prior offense.
"The Court: We can deal with that afterwards.
"Mr. Mosby, it's alleged in the information that you were convicted of a felony violation, a drug offense, back on or about May 5th of '93, that's alleged in the information, so that if that's true, you were convicted on this charge, this present charge, it would make you ineligible for probation, do you understand that?
"The Defendant: Yes.
"The Court: You are entitled to have this jury, if they should find you guilty, you're entitled to have this jury determine the truth of the allegation that you suffered this prior felony conviction.
"You're entitled to have the jury hear that and make a decision on whether that's true or not.
"Do you understand that?
"The Defendant: Yes.
"The Court: Do you waive and give up your right to have this jury make a determination as to whether you suffered such a prior conviction?
"The Defendant: Yes.
"The Court: And you join in that, [defense counsel]?
"[Defense Counsel]: I do."
The jury then returned and delivered its verdict finding defendant guilty of selling cocaine. After discharging the jury, the *265 court returned to the prior conviction allegation.
"The Court: [Defense counsel], since Mr. Mosby wants the court to hear that matter, or prepared to admit the prior 
"[Defense Counsel]: He's prepared to admit the prior.
"The Court: Mr. Mosby, can you understand that you are entitled  you already waived having the jury determine the truth of this prior felony conviction of yours that's alleged. You are ... entitled to have the court hear the matter, as well, to make a determination.
"Do you understand that?
"The Defendant: Yes.
"The Court: Do you waive and give up your right to have the court make that determination?
"The Defendant: Yes."
The court then read the allegation that on May 5, 1993 defendant was convicted of drug possession in violation of Health and Safety Code section 11350; defendant admitted that he had been so convicted. Defendant was sentenced to a prison term of three years and eight months.
Defendant appealed, contending that the trial court's incomplete rights advisements rendered his admission of the prior conviction invalid. The Court of Appeal disagreed. It said: "It would frankly be absurd for this court to find that the defendant's admission of his prior conviction  a prior plea of guilty  was not voluntary and intelligent when he knew he did not have to admit but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction that he was now admitting."
Defendant petitioned for review in this court, arguing that the Court of Appeal's decision created a conflict with other Court of Appeal opinions. We granted review.

II

A. Our Decision in In re Yurko, supra, 10 Cal.3d 857
In Boykin v. Alabama (1969) 395 U.S. 238, 243 and footnote 5, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court explained that a defendant seeking to plead guilty is denied due process under the federal Constitution unless the plea is voluntary and knowing. "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination.... [Citations.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers." (Id. at p. 243, 89 S.Ct. 1709.) In Boykin, the defendant pled guilty to five counts at a proceeding in which "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." (Id. at p. 239, 89 S.Ct. 1709.) Given that truly "silent record," the high court refused to presume a knowing and voluntary waiver of these constitutional rights. (Ibid.) In the wake of Boykin, we held in In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, that "each of the three rights mentioned  self-incrimination, confrontation, and jury trial  must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (Id. at p. 132, 81 Cal.Rptr. 577, 460 P.2d 449, italics added.)
Some five years later, in In re Yurko, supra, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561, we adopted as a judicial rule of criminal procedure the requirement that the three Boykin-Tahl admonitions must *266 also be given "before a court accepts an accused's admission that he has suffered prior felony convictions." (Id. at p. 863, 112 Cal.Rptr. 513, 519 P.2d 561, italics added.)
Of note here is a recent decision of the United States Supreme Court that the federal Constitution's right to a jury trial does not extend to the factual determination of whether a defendant has suffered a prior conviction. (Apprendi v. New Jersey (2000) 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.) Nor does our state Constitution afford such a right. (People v. Epps (2001) 25 Cal.4th 19, 23, 104 Cal.Rptr.2d 572, 18 P.3d 2; see also People v. Sengpadychith (2001) 26 Cal.4th 316, 326, 109 Cal.Rptr.2d 851, 27 P.3d 739.) That right is purely statutory in origin. (Pen.Code, §§ 1025 [same jury that tried criminal charge must try prior conviction allegation], 1158; People v. Epps, supra, 25 Cal.4th at p. 23, 104 Cal.Rptr.2d 572, 18 P.3d 2.) When trial is required by statute, we shall assume for the purpose of this discussion that a defendant's due process trial rights, at least under our state Constitution, encompass the rights to remain silent and to confront witnesses. (Cal. Const., art. I, § 15.) Here, defendant was advised only of his right to trial, which he waived before admitting the prior conviction. Thus, we must decide whether, under the totality of the circumstances, defendant's admission was voluntary and intelligent despite the trial court's failure to advise defendant of the rights to remain silent and to confront witnesses.

B. Standard of Review for Yurko Error
For nearly two decades after our decision in In re Yurko, supra, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561, lack of express advisement, and waiver, of all three Boykin-Tahl rights was viewed as error requiring automatic reversal. (See People v. Wright (1987) 43 Cal.3d 487, 493-495, 233 Cal.Rptr. 69, 729 P.2d 260; In re Ibarra (1983) 34 Cal.3d 277, 283, fn. 1, 193 Cal.Rptr. 538, 666 P.2d 980; In re Ronald E. (1977) 19 Cal.3d 315, 320-321, 137 Cal.Rptr. 781, 562 P.2d 684.) Then, in our 1992 decision in Howard, supra, 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315, we revisited the issue and came to a different conclusion. The pertinent inquiry, we said, was whether "the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances" (id. at p. 1175, 5 Cal.Rptr.2d 268, 824 P.2d 1315, italics added), applying "the test used to determine the validity of guilty pleas under the federal Constitution." (Ibid.) Howard explained: "[T]he weight of authority today makes it abundantly clear that `the California interpretation of Boykin announced in Tahl is not required by the federal Constitution....' (United States v. Pricepaul (9th Cir.1976) 540 F.2d 417, 424-425; [citation].)" (Id. at pp. 1177-1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) We also said that the United States Supreme Court "has never read Boykin as requiring explicit admonitions on each of the three constitutional rights," but instead looks to the test set out in North Carolina v. Alford, supra, 400 U.S. at page 32, 91 S.Ct. 160, which asks "`whether the plea represents a voluntary and intelligent course among the alternative courses of action open to the defendant.'" (Howard, supra, at p. 1177, 5 Cal.Rptr.2d 268, 824 P.2d 1315.)
By adopting in Howard the federal constitutional test of whether under the totality of circumstances the defendant's admission is intelligent and voluntary, we rejected the rule that "the absence of express admonitions and waivers requires *267 reversal regardless of prejudice." (Howard, supra, 1 Cal.4th at p. 1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) In replacing the old rule, the focus was shifted from whether the defendant received express rights advisements, and expressly waived them, to whether the defendant's admission was intelligent and voluntary because it was given with an understanding of the rights waived. After our Howard decision, an appellate court must go beyond the courtroom colloquy to assess a claim of Yurko error. (See People v. Allen (1999) 21 Cal.4th 424, 438, 87 Cal.Rptr.2d 682, 981 P.2d 525.) Now, if the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of "the entire proceeding" to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances. (Ibid.) That approach  reviewing the whole record, instead of just the record of the plea colloquy  was recently endorsed by the United States Supreme Court in a case where a federal court failed, before accepting the defendant's guilty plea, to advise the defendant of his right to counsel as required by rule 11 of the Federal Rules of Criminal Procedure. (United States v. Vonn (2002) 535 U.S. 55, 76, 122 S.Ct. 1043, 1055, 152 L.Ed.2d 90; Fed. Rules Crim. Proc., rule 11(b)(1), 18 U.S.C.)

III

A. Application of Howard's Totality of the Circumstances Test
After our 1992 decision in Howard, supra, 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315, our Courts of Appeal have applied its "totality of the circumstances" harmless error test to a variety of cases ranging from no advisements or waivers to incomplete advisements and waivers.

1. Silent-record cases
Truly silent-record cases are those that show no express advisement and waiver of the Boykin-Tahl rights before a defendant's admission of a prior conviction. (People v. Stills (1994) 29 Cal.App.4th 1766, 1769-1771, 35 Cal.Rptr.2d 486 [without any rights advisements or waivers the defendant was asked if he admitted priors]; see also People v. Campbell (1999) 76 Cal.App.4th 305, 309-310, 90 Cal.Rptr.2d 315 [after conviction by jury on the substantive offense, the defendant, who received no admonishments and gave no waivers, admitted each of four alleged priors]; People v. Moore (1992) 8 Cal.App.4th 411, 10 Cal.Rptr.2d 286 [after conviction by jury on the substantive offense, the defendant, who received no admonishments and gave no waivers, admitted a prior conviction of assault with a deadly weapon and a prior prison term].)
Although the record was not entirely silent in People v. Johnson (1993) 15 Cal.App.4th 169, 18 Cal.Rptr.2d 650, it was so nearly silent as to be indistinguishable from the three cases just cited. A jury convicted the defendant of three crimes, but before the jury was excused the trial court took the defendant's admission to having two prior convictions and having served a prior prison term. The court did so without admonishing the defendant of his right to a trial on the priors at which he could confront witnesses and need not testify. (Id. at p. 177, 18 Cal.Rptr.2d 650.) The court made a fleeting reference to "`whether or not you want a jury trial,'" and without waiting for a response, the court then immediately asked the defendant, "`[W]ere you convicted?'" The defendant admitted the priors. (Ibid.) Under the totality of circumstances, the Court of Appeal in Johnson had "no doubt" that the defendant "was in fact aware of his right to a jury trial, his right to confront *268 witnesses, and his right to remain silent, all of which he had just exercised in trial." (Id. at p. 178, 18 Cal.Rptr.2d 650.) Nonetheless, absent any advisement of those rights, the Court of Appeal concluded that it was "impossible to determine" whether the defendant "not only was aware of these rights, but also was prepared to waive them as a condition to admitting his prior offenses" (ibid.), thus rendering the defendant's admission of the priors neither intelligent nor voluntary.
In all of the cases just discussed a jury trial on a substantive offense preceded the defendants' admissions of prior convictions. These defendants were not told on the record of their right to trial to determine the truth of a prior conviction allegation. Nor did they expressly waive their right to trial. In such cases, in which the defendant was not advised of the right to have a trial on an alleged prior conviction, we cannot infer that in admitting the prior the defendant has knowingly and intelligently waived that right as well as the associated rights to silence and confrontation of witnesses.

2. Incomplete Boykin-Tahl advisements
In People v. Carroll (1996) 47 Cal.App.4th 892, 54 Cal.Rptr.2d 868, the defendant was advised of his right to a jury trial on four prior conviction allegations. Trial on those priors was ordered bifurcated but eventually not held because a mistrial was declared after the jury could not reach a verdict on one of the charged crimes. At the defendant's second trial, there was no discussion of the priors until after the jury returned a guilty verdict. At sentencing, defense counsel said his client was willing to admit two priors. The trial court asked the defendant if he wanted to waive his "`right to a trial'" and admit "`those allegations are true?'" (Id. at p. 896, 54 Cal.Rptr.2d 868.) The defendant replied, "`Yes.'" (Id. at p. 897, 54 Cal.Rptr.2d 868.) The Court of Appeal reversed, describing the record as "devoid of any meaningful effort to ensure the defendant was making an informed decision." (Ibid.) It acknowledged, but did not apply, the totality of the circumstances test of Howard, supra, 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315, which it said permitted finding error harmless "where technical defects have occurred" in the giving of Boykin-Tahl admonitions. (Carroll, at p. 897, 54 Cal.Rptr.2d 868.)
Incomplete advisement of Boykin-Tahl rights also occurred in another Court of Appeal decision, People v. Howard (1994) 25 Cal.App.4th 1660, 31 Cal.Rptr.2d 103. At the conclusion of a jury trial on a drug offense, the defendant was advised of, and waived, the right to have a jury or court trial on a prior prison term allegation, but he was not told of, and did not waive, the rights to silence and to confront witnesses. On the record, the prosecutor told the defendant that at a trial on the prior conviction the People had the right to present evidence. (Id. at p. 1664, fn. 3, 31 Cal.Rptr.2d 103.) On appeal, a majority of the court concluded that the defendant had not been "admonished as to his rights to confrontation and self-incrimination explicitly, or in terms amounting to a reasonable substitute for explicit admonition," thus requiring reversal and remand for retrial of the alleged prior. (Id. at p. 1665, 31 Cal.Rptr.2d 103.) The dissenting justice was of the view that having been told of the prosecution's right to present evidence the defendant was adequately advised of both the right to remain silent and to confront the witnesses against him. Having just participated in a jury trial, the dissenter concluded, the defendant "understood" "what a trial meant." (Id. at p. 1666, 31 Cal.Rptr.2d 103 (conc. & dis. opn. of Woods (Fred), J.).)
*269 In People v. Torres (1996) 43 Cal.App.4th 1073, 1083, 51 Cal.Rptr.2d 77, also written by the author of People v. Howard, supra, 25 Cal.App.4th 1660, 31 Cal.Rptr.2d 103, the Court of Appeal reversed and remanded for retrial the findings that the defendant had suffered prior convictions and a prior prison term. In Torres, a jury had just convicted the defendant of several crimes when he was advised of his right to a jury trial on the alleged priors. The defendant admitted the priors and did so without admonishment, or waivers, of his rights to remain silent and to confront witnesses. The Court of Appeal concluded that without express advisements and waivers in the record, "it is not possible here to find defendant's admissions" were voluntary and intelligent. (People v. Torres, supra, 43 Cal.App.4th at p. 1082, 51 Cal.Rptr.2d 77.)
In People v. Garcia (1996) 45 Cal.App.4th 1242, 53 Cal.Rptr.2d 256, the same division of the Court of Appeal that had decided People v. Torres, supra, 43 Cal.App.4th 1073, 51 Cal.Rptr.2d 77, reversed and remanded for retrial prior conviction allegations admitted by the defendant after advisement only of his right to a jury trial on those allegations. The Court of Appeal stated that "nothing in the record suggests defendant's prior exposure to the criminal justice system afforded him notice of his right to confrontation and privilege against self-incrimination" nor was he given any "advice from which [he] could infer" that his right to confrontation, which he had experienced "in the trial-in-chief" also applied to the trial of his priors. (People v. Garcia, supra, 45 Cal.App.4th at p. 1248, 53 Cal.Rptr.2d 256.)

B. This Case
As mentioned earlier, in this case, immediately after the jury found defendant guilty of selling cocaine, defendant was told he had a right to a jury trial on the prior conviction allegation. After waiving that right, defendant admitted the truth of the allegation. On appeal, defendant contended that the trial court committed reversible error by not telling him of his rights to remain silent and to confront witnesses. The Court of Appeal disagreed, stating: "It would exalt a formula (Boykin-Tahl) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary) to suggest that a defendant, who has just finished a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial" when after being advised of the right to a trial on an alleged prior conviction the defendant waives trial and admits the prior. We agree.
In this case, the alleged prior conviction was a plea of guilty to possessing cocaine. Defendant argues that when he admitted the prior conviction  immediately after a jury found him guilty of selling cocaine  he would not necessarily have understood that trial of the alleged prior would afford him the same rights that he had at the trial of the drug charge. We note that unlike a trial on a criminal charge, trial on a prior conviction is "simple and straightforward," often involving only a presentation by the prosecution "of a certified copy of the prior conviction along with defendant's photograph [or] fingerprints" and no defense evidence at all. (People v. Monge (1997) 16 Cal.4th 826, 838, 66 Cal.Rptr.2d 853, 941 P.2d 1121.) Here, defendant, who was represented by counsel, had just undergone a jury trial at which he did not testify, although his codefendant did. Thus, he not only would have known of, but had just exercised, his right to remain silent at trial, forcing the prosecution to prove he had sold cocaine. And, because he had, through counsel, confronted witnesses at that immediately concluded trial, *270 he would have understood that at a trial he had the right of confrontation.
A review of the entire record also sheds light on defendant's understanding. For instance, "a defendant's prior experience with the criminal justice system" is, as the United States Supreme Court has concluded, "relevant to the question of whether he knowingly waived constitutional rights." (Parke v. Raley (1992) 506 U.S. 20, 37, 113 S.Ct. 517, 121 L.Ed.2d 391.) That is so because previous experience in the criminal justice system is relevant to a recidivist's "`knowledge and sophistication regarding his [legal] rights.'"[2] (Parke, at pp. 36-37, 113 S.Ct. 517; see United States v. Dawson (9th Cir.1999) 193 F.3d 1107, 1110-1111 [defendant who had received full advisements in state court action two months before he entered a guilty plea on incomplete advisements in federal court knowingly waived rights of confrontation and silence despite lack of advisement on either].) Here defendant's prior conviction was based on a plea of guilty, at which he would have received Boykin-Tahl advisements. As the Court of Appeal here concluded: "[H]e knew he did not have to admit [the prior conviction] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction that he was now admitting."
Under the totality of the circumstances, the Court of Appeal did not err in concluding that defendant voluntarily and intelligently admitted his prior conviction despite being advised of and having waived only his right to jury trial.[3]

DISPOSITION
The judgment of the Court of Appeal is affirmed.
WE CONCUR: GEORGE, C.J., BAXTER, WERDEGAR, CHIN, BROWN, and MORENO, JJ.
NOTES
[1] The allegation that defendant had been previously convicted of felony possession of a controlled substance, if found to be true, would render defendant ineligible for probation (Health & Saf.Code, § 11370).

When a defendant is alleged to have been previously convicted or to have previously served a term in state prison, trial on such an allegation becomes necessary only if the defendant is convicted of the charged offense. Thus, defendants who elect a jury trial routinely ask to bifurcate trial so that the case on the charged crime will be tried first. If the jury returns a guilty verdict on the charged crime, then the truth of the alleged prior will be tried, either to the jury before it is discharged or to the trial judge.
[2] To the extent that language in People v. Garcia, supra, 45 Cal.App.4th at page 1248, 53 Cal.Rptr.2d 256, suggests that the sophistication of the crime itself, apart from a defendant's actual knowledge or capacity to understand the constitutional rights in question, is relevant to a defendant's intelligent waiver of rights, it is disapproved.
[3] We disapprove the following cases to the extent they are inconsistent with our holding: People v. Van Buren (2001) 93 Cal.App.4th 875, 113 Cal.Rptr.2d 510; People v. Carroll, supra, 47 Cal.App.4th 892, 54 Cal.Rptr.2d 868; People v. Garcia, supra, 45 Cal.App.4th 1242, 53 Cal.Rptr.2d 256; People v. Torres, supra, 43 Cal.App.4th 1073, 51 Cal.Rptr.2d 77; and People v. Howard, supra, 25 Cal.App.4th 1660, 31 Cal.Rptr.2d 103.

Ideally, a defendant admits a prior conviction only after receiving, and expressly waiving, standard advisements of the rights to a trial, to remain silent, and to confront adverse witnesses. (Howard, supra, 1 Cal.4th at pp. 1178-1179, 5 Cal.Rptr.2d 268, 824 P.2d 1315 ["explicit admonitions and waivers still serve the purpose that originally led us to require them," and "are the only realistic means of assuring that the judge leaves a record adequate for review"].) Although it may not be reversible error, failing to give full advisements and obtain express waivers carries a high cost. "As a consequence of the ... failure to obtain valid admissions of readily provable serious priors, appeals are filed, briefs are prepared, appellate research and record review are conducted, argument is heard, appellate opinions are written, matters are remanded to trial courts, defendants are transported from prisons to county jails to courtrooms, attorneys are appointed to represent defendants, and prior allegations are belatedly relitigated." (People v. Garcia, supra, 45 Cal.App.4th at p. 1249, 53 Cal.Rptr.2d 256 (conc. opn. of Woods (Fred), J.).)