Filed 10/29/13  P. v. Woo CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

    Plaintiff and Respondent,

    v.

DARRELL WOO,

    Defendant and Appellant.

_____/

A138963

(Contra Costa County
Super. Ct. No. 130357-7)

A jury convicted appellant Darrell Woo of second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)),[1] identity theft (§ 530.5), possessing a forged driver's license (§ 470, subd. (b)), and possessing a completed check with intent to defraud (§ 475, subd. (c)).  The court placed appellant on probation.

Appellant appeals.  We appointed counsel to represent him on appeal.  Counsel asked this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed appellant he had the right to file a supplemental brief on his own behalf, but appellant declined to do so.  We have examined the record pursuant to *Wende* and find no reasonably arguable appellate issue.  We affirm.

---

[1]    Unless otherwise noted, all further statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 2012, appellant walked into a Wells Fargo Bank in Pinole and approached a customer sales representative. Appellant introduced himself as Mr. Cheung and presented a California driver's license bearing appellant's photo and Mr. Cheung's identifying information. Appellant told the customer service representative he had recently opened an account and wanted a temporary ATM card. He also asked to cash a check for $330. The payee on the check was Mr. Cheung. Mr. Cheung did not know appellant, nor did he give him permission to use his name or identifying information, or to cash the check and obtain a temporary ATM card.

The customer service representative was suspicious because "there was no money in the new account" and because appellant said he needed the ATM card to buy Christmas presents "and this was in October." The driver's license seemed "suspicious" to the customer service representative and he did not issue a temporary ATM card or cash the check. Instead, he contacted a police officer who happened to be in the bank on an unrelated manner. The officer examined the license and determined it was fake and obtained Mr. Cheung's information from the Department of Motor Vehicles. The officer arrested appellant and searched his wallet, which contained a credit card and a Costco membership card bearing Mr. Cheung's name and appellant's photograph. Mr. Cheung did not give appellant permission to possess a credit card or Costco card bearing his name and appellant's photograph.

The People charged appellant with second degree commercial burglary (§§ 459, 460, subd. (b) (Count One)); identity theft (§ 530.5 (Count Two)); possession of a forged driver's license (§ 470, subd. (b) (Count Three)); possessing a completed check with intent to defraud (§ 475, subd. (c) (Count Four)); and receiving stolen property (§ 496, subd. (a) (Count Five)). The information also alleged two prior convictions of Health and Safety Code section 11350.

The court denied appellant's motion for acquittal (§ 1118.1). The jury reached a verdict on Counts One through Four but could not reach a verdict on Count Five. The court declared a mistrial on Count Five and the People dismissed that charge. Appellant

2

waived a jury determination on his probation eligibility based on his prior felony convictions and the court determined he had two prior convictions. The court denied appellant's motion to reduce the charges to misdemeanors. It suspended imposition of sentence, placed appellant on three years' probation, and ordered him to serve 365 days in jail, with credit for time served. The court also imposed various fines and fees.

## DISCUSSION

We have examined the record pursuant to *Wende*. We find no reasonably arguable appellate issue. The court properly denied appellant's motion for acquittal. (*People v. Maciel* (2013) 57 Cal.4th 482, 522.) The evidence was sufficient to support the convictions. Appellant's waiver of a jury trial on his prior convictions was valid. (*People v. Mosby* (2004) 33 Cal.4th 353, 364.) Trial and appellate counsel competently represented appellant.

## DISPOSITION

The judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Needham, J.

_____
Bruiniers, J.

3