Filed 5/12/14  P. v. Vargas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL VARGAS,<br><br>    Defendant and Appellant. | D064148<br><br><br><br>(Super. Ct. No. SCS263094) |

APPEAL from a judgment of the Superior Court of San Diego County,

Garry G. Haehnle, Judge.  Affirmed.

Wayne C. Tobin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H.

Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.


A jury found Daniel Vargas guilty of being an inmate in possession of a weapon.

He later admitted suffering a strike prior.  At a sentencing hearing the following month,

the trial court noted that when Vargas admitted suffering the strike prior, it had neglected

to inform him that he had constitutional rights to a jury trial on the strike allegation, to have the prosecution prove the allegation, to confront witnesses, present a defense and remain silent.  When the court asked Vargas if he wanted to give up those rights, Vargas responded, "I've already done that."  After the court clarified that it was referring to a charge that the prosecution needed to prove, it again asked Vargas if he understood his rights.

When Vargas responded affirmatively, the court asked, "Do you give up those rights in order to admit that you do have a strike prior?"  Vargas responded, "Uh-huh. Yes."  The court then confirmed that Vargas understood that his admission could double his sentence.  The court found that Vargas understood the nature of the plea and that he "voluntarily and freely [gave] up his constitutional trial rights, and freely and voluntarily admitted the prior strike offense."  Vargas, who was represented by counsel, did not object.  The court then imposed the three-year mid-term, doubled for the strike prior for a total term of six years in prison.

## DISCUSSION

Vargas appeals, contending that his admission was invalid and should be reversed because the record is unclear whether he waived his rights or whether he also admitted the prior conviction.  We disagree.

"[B]efore accepting a criminal defendant's admission of a prior conviction, the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront adverse witnesses.  [*In re Yurko* (1974) 10 Cal.3d 857, 863]  Proper

2

advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction. [Citations.]" (*People v. Mosby* (2004) 33 Cal.4th 353, 356.)

Here, the trial court failed to inform Vargas of his constitutional rights when it initially accepted the admission. The court, however, recognized the error and corrected it at the sentencing hearing. The court properly informed Vargas of his constitutional rights and confirmed that Vargas understood those rights. The court then asked a combined question, whether Vargas "g[a]ve up those rights" and "admit[ted] that [he had] a strike prior." Vargas responded affirmatively. Because the record reveals that Vargas was informed of his trial rights, that he waived those rights and admitted his prior strike conviction, we reject Vargas's arguments to the contrary.

## DISPOSITION

The judgment is affirmed.


MCINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

MCDONALD, J

3