Filed 6/17/16  P. v. Ancho CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067997 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS270183) |
| BRANDON ANCHO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard, III, Judge.  Affirmed in part, reversed in part.  Remanded with directions.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Brandon Ancho of attempted murder (Pen. Code,[1] §§ 187/664), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)), and first degree burglary (§ 459). The jury also found Ancho used a knife in the offenses (§ 12022, subd. (b)(1)) and that he inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

Following the jury verdict, Ancho admitted a prior Nevada felony conviction and admitted it was a "strike" prior (§ 667, subds. (b)-(i)). The Nevada prior was also the basis of an alleged serious felony prior (§ 667, subd. (a)(1)).

Ancho was sentenced to a determinate term of 27 years.

Ancho appeals challenging only his admission of his prior conviction. He contends the admission must be set aside because the trial court failed to advise him of the rights he was giving up and the consequences of his admission. As Ancho notes the trial court gave no admonition or advisement of rights at the time of the admission of the prior.

We find the total failure to provide Ancho with any advice or admonition at the time of the admission was prejudicial. Accordingly, we will vacate the admission of the Nevada prior and remand the case to the trial court for further proceedings to determine the truth of the alleged prior conviction and to make any necessary modifications to the sentence depending on whether the prior conviction is found true.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

STATEMENT OF FACTS

In this case Ancho entered the home of Julian and Wilhelmina Cruz. Mrs. Cruz was the business partner of Ancho's deceased mother. Ancho was angry and attacked both Mr. and Mrs. Cruz with a knife. During the fight Ancho stabbed Mr. Cruz in the stomach.

DISCUSSION

After the jury was excused, the trial court addressed the issue of the truth of the alleged Nevada felony prior. Defense counsel stated that Ancho would admit the prior and admit it was a "strike." Thereafter, Ancho was sworn and admitted the prior and that it qualified as a strike. The court did not advise Ancho of his trial rights regarding the prior conviction nor did the court advise him of the penal consequences of the admission. The admission of the prior conviction in this case served as the basis of applying the three strikes law sentencing scheme (§ 667, subds. (b)-(i)) and for the five-year enhancement under section 667, subdivision (a)(1).

A. Legal Principles

In 1974 the Supreme Court created a prophylactic rule of procedure that requires trial courts to advise defendants of their rights prior to accepting an admission of a prior felony conviction which can increase the term of imprisonment. (*In re Yurko* (1974) 10 Cal.3d 857, 860 (*Yurko*).) The *Yurko* case requires that defendants be advised of their right to remain silent at trial, the right to a jury trial and the right to confront and cross-examine witnesses, and that the admission of the prior waives those trial rights. The court must also inform the defendant of the penal consequences of admitting the prior.

3

In *People v. Howard* (1992) 1 Cal.4th 1132, 1175, the court affirmed the requirement for proper warnings before accepting an admission of a prior conviction, but held that failure to fully comply with the requirements of *Yurko, supra,* 10 Cal.3d 857, was not reversible per se. The court in *Howard* held that we could examine the entire record to determine if the waiver was knowing and intelligent even where there may be a defect in the admonition. (*Howard, supra,* at p. 1175.)

In *People v. Mosby* (2004) 33 Cal.4th 353, 361-364, the court held that an admission immediately following a jury trial may still be valid even where the advisement of rights and consequences is incomplete.

More recently in *People v. Cross* (2015) 61 Cal.4th 164 (*Cross*), the court reaffirmed its support of the requirement that a defendant at least be "entitled to be advised of his right to a fair determination of the truth of the prior conviction allegation." (*Id.* at p. 179.)[2]

## B. Analysis

Since the *Yurko* case, the court has recognized the trial rights on the truth of prior convictions are statutory, and has eliminated the per se reversal rule of *Yurko, supra,* 10 Cal.3d 857. It has not retreated from the rule that requires defendants to be warned of the consequences of such admissions and understand they are entitled, if they wish, to have a fair determination of the truth of the prior.

---

[2]    To the extent the People argue that Ancho should have objected to the failure to advise him of the penal consequences and thus he has forfeited the issue, the court in *Cross* has rejected that argument. (*Cross*, *supra*, 61 Cal.4th at pp. 172-173.)

4

The present case is somewhat like the case in *Cross, supra,* 61 Cal.4th 164. The trial court there, as here, failed to provide the defendant with any information regarding the right to a trial on the prior conviction or the substantial consequences of its admission. On this blank record, we cannot find the defendant's decision to admit the prior was knowing and intelligent.

We recognize trial courts have busy schedules and often, as here, another trial is waiting in the wings. However, the requirement for admonitions and proper waivers for admitting priors has existed for 40-plus years. A proper warning and waiver would take but a few minutes, and would be more efficient than an appeal and remand to start over.

## DISPOSITION

The admission of the serious felony prior conviction is vacated. The case is remanded to the superior court for further proceedings to determine the truth of the alleged prior conviction. If the prior is again found true, the judgment shall be reinstated. If the prior is not found true, the court shall resentence the defendant accordingly. In all other respects the judgment is affirmed.

_____
HUFFMAN, Acting P. J.

WE CONCUR:


_____
O'ROURKE, J.


_____
AARON, J.

5