Filed 9/28/23  P. v. Korth CA4/3
Received for posting on 10/24/23

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061515 |
| v. | (Super. Ct. No. 21CF3200) |
| JESSICA KORTH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andre De La Cruz, Judge.  Affirmed in part, reversed in part, and remanded.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

At her trial for driving under the influence (DUI), appellant Jessica Korth admitted she had suffered a prior conviction for that offense. She now contends that admission was invalid because it was not preceded by a knowing and voluntary waiver of her constitutional rights. She also seeks review of the records the trial court examined in connection with her *Pitchess* motion. (See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).) We agree with appellant that her admission to the prior conviction allegation was invalid. Therefore, we reverse the true finding on that allegation and remand for further proceedings. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

At around 2:20 a.m., on April 18, 2021, the police were called to the scene of a traffic accident in Orange, where they found a Honda with a damaged rear bumper and a Buick with damaged front bumper. They also found appellant walking in the area with a set of car keys in her hand. When questioned by officers, appellant admitted she had been driving the Buick. She claimed she ran into the Honda after swerving out of the way to avoid a bicyclist.

Appellant also admitted she was drunk from having consumed a 12-pack of hard seltzers that evening. After she failed a number of field sobriety tests and was unable to provide an adequate breath sample for a preliminary alcohol screen, she was arrested and taken to jail. There, she refused to provide a blood sample, so the police obtained a warrant to draw her blood, which turned out to have an alcohol content between .168 and .172 percent.

Appellant was charged with misdemeanor DUI and driving with a blood-alcohol content above .08 percent. (Veh. Code, § 23152, subds. (a) & (b).) On both counts, it was alleged her blood-alcohol content was .15 percent or more, and she refused to submit to an alcohol test. (*Id.*, §§ 23578, 23577.) She was also charged with having been convicted of DUI in Illinois in 2014. (*Id.*, § 23626.)

2

Before trial, appellant signed a *Faretta* waiver, forgoing her right to court appointed counsel. (See *Faretta v. California* (1975) 422 U.S. 806, 835 [a criminal defendant has the right to represent herself if she knowingly, intelligently, and voluntarily waives her right to counsel].) But being untrained in the law, she struggled to understand basic trial procedures. In fact, at one point during the pretrial proceedings, the prosecutor said she was "a little uncomfortable moving forward" with the trial after appellant inexplicably abandoned her request to obtain a pertinent piece of evidence from the prosecution. However, citing appellant's *Faretta* waiver, the trial court determined she had the right to make her own decisions about how to best defend herself.

When the topic of appellant's prior DUI came up, the prosecutor said she assumed that allegation would be adjudicated in a bifurcated trial. The trial court told the prosecutor, "Or she [appellant] could stipulate to [the] prior." "Talk to her about it." "Or maybe you'll stipulate to a court trial at that point. Anyway talk to her at the first recess." The prosecutor responded, "Okay," but the record does not reflect what, if any, steps she took in that regard.

During the trial, appellant took the stand and claimed she was not driving the Buick when the collision occurred. Rather, she was passed out in the back seat of the car and just happened to be "in the wrong place at the wrong time" when the police arrived on the scene.

While the jury was deliberating, the following exchange occurred in the courtroom:

"[Prosecutor]: . . . So there is a prior [conviction allegation] in this case that we need to address. I'm willing to waive jury trial. Just have the Court hear the [allegation]. I'm not sure if [appellant] will be willing to do so as well.

"THE COURT: [Appellant], do you want to waive jury trial with respect to the prior conviction? Or do you submit to a bench trial or . . . stipulate to the existence of a prior conviction?

3

"[Appellant]:  What does that mean?  Like do I agree - -

"THE COURT:  Do you agree that you've been previously - -

"[Appellant]:  - - that I hit - -

"THE COURT:  - - convicted of a DUI in - -

"[Appellant]:  Oh, yea.

"THE COURT:  - - Illinois?

"[Appellant]:  I was previously convicted, yes.  Yes.

"THE COURT:  You stipulate that there's a prior conviction?

"[Appellant]:  There is a prior conviction, yes.

"THE COURT:  Okay. Anything else?

"[The Prosecutor]:  Nothing else.

"THE COURT:  All right. With her agreement, there is a prior conviction for the record."

After that, the jury returned its verdict, finding appellant guilty on both counts and the attendant allegations to be true.  The trial court suspended imposition of sentence and placed appellant on five years' probation subject to various terms and conditions.

DISCUSSION

*Prior Conviction Allegation*

Appellant contends the record fails to show she knowingly and voluntarily admitted the prior conviction allegation.  We agree.

"[B]efore accepting a criminal defendant's admission of a prior conviction, the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront adverse witnesses.  [Citation.]" (*People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).)  In addition, the court must ensure the defendant understands the consequences flowing from his or her admission.  (*People v. Cross* (2015) 61 Cal.4th 164, 170.)

4

"Proper advisement and waiver of these rights, conducted with 'the utmost solicitude of which courts are capable,' are necessary 'to make sure [the accused] has a full understanding of what [his or her admission] connotes and of its consequence.' [Citation.]" (*People v. Cross, supra,* 61 Cal.4th at p. 170.) Although there is no "rigid formula or particular form of words that a trial court must use in taking a jury waiver," our Supreme Court has emphasized "the value of a robust oral colloquy in evincing a knowing, intelligent, and voluntary waiver of a jury trial." (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 169.) If the record "does not reveal complete advisements and waivers," a valid admission will not be found unless "the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances. [Citation.]" (*Mosby, supra,* 33 Cal.4th at p. 361.)

In *Mosby*, the defendant was advised of and waived his right to a jury trial on a prior conviction allegation, following his conviction by jury on the underlying charge. (*Mosby, supra,* 33 Cal.4th at pp. 357-359.) Even though the trial court failed to advise him of his right to remain silent and confront witnesses during the trial on the prior, the Supreme Court found he knowingly and voluntarily waived those rights under the circumstances presented. In so finding, the court relied on the fact the defendant was represented by counsel throughout the proceedings, he exercised his right against self-incrimination in the underlying trial, and he had experience pleading guilty in the past. (*Id.* at pp. 364-365.)

Our case is materially different from *Mosby*. Whereas the defendant in *Mosby* expressly waived his right to a jury trial on the prior conviction allegation, appellant did no such thing. After the prosecutor signaled her willingness to waive a jury trial on the allegation, the trial court asked appellant, "[D]o you want to waive jury trial with respect to the prior conviction? Or do you submit to a bench trial or . . . stipulate to the existence of a prior conviction?" When appellant asked, "What does that mean?" the court did not clarify she had the right to a jury trial on the prior conviction allegation.

5

Instead, it asked appellant if she had previously been convicted of DUI in Illinois and if she would be willing to stipulate to that. While appellant answered yes, that does not prove she understood she had the right to have a jury adjudicate that issue. (See *People v. Johnson* (1993) 15 Cal.App.4th 169, 177-178 [trial court's fleeting reference to jury trial right was insufficient to prove defendant's admission to prior conviction allegations was knowing and intelligent].)

Furthermore, unlike the defendant in *Mosby*, appellant represented herself at trial and testified in her own defense. We cannot tell from our record if she knew what her rights were with respect to the prior conviction allegation, even though the trial court advised the prosecutor to discuss the allegation with her. The record simply does not shed any light on whether any such discussion actually occurred, or if it did, what it entailed. Also, the record is unclear as to whether appellant's prior conviction in Illinois resulted from a guilty plea or a contested trial, so we cannot assume she had prior experience in terms of entering a guilty plea, which was an important factor favoring a valid waiver of rights in the *Mosby* case.

Moreover, at no point did the trial court advise appellant of the consequences of admitting the prior conviction allegation, as required. Considering all of these circumstances, we conclude appellant's admission to the allegation was not knowing and voluntary. Therefore, the true finding on the allegation cannot stand, and the matter must be remanded for further proceedings.

*Pitchess Motion*

Appellant also asks that we independently review the trial court's handling of her *Pitchess* motion to determine whether any discoverable material was improperly withheld from her. Having reviewed the sealed transcript of the motion hearings, we find no basis to disturb the court's *Pitchess* ruling.

In *Pitchess*, our Supreme Court held a defendant has a right to discovery of the personnel records of peace officers to ensure "a fair trial and an intelligent defense in

6

light of all relevant and reasonably accessible information." (*Pitchess, supra*, 11 Cal.3d at p. 535.) However, the right is not unlimited; only those records material to the pending litigation are subject to release. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019; Pen. Code, §§ 832.7, 832.8; Evid. Code, §§ 1043-1045.)

In this case, appellant made a *Pitchess* motion with respect to three members of the Orange Police Department, and the trial court found good cause to conduct an in camera review of their personnel records. After completing that review, the court ordered the City of Orange to disclose two pieces of information to the defense. Appellant requests that we independently review the officers' records to determine whether any other information was subject to disclosure.

Respondent does not oppose the request, and we agree independent review would be the most effective way to assess the propriety of the court's order. (See *People v. Nguyen* (2017) 12 Cal.App.5th 44, 49-51 (conc. opn. of Bedsworth, Acting P.J.).) But our Supreme Court has determined that, in the context of a *Pitchess* motion, meaningful appellate review can be accomplished by examining the sealed transcript of the trial court's in camera review proceedings and seeing if the trial court *said* it adequately fulfilled its function. (*People v. Myles* (2012) 53 Cal.4th 1181, 1209; *People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) The court said it did so, and we have no record upon which we can evaluate that statement.

Based on our review of the sealed transcript of the in camera hearings, it appears the trial court fulfilled its duties under *Pitchess* by making a record of the documents it examined and explaining the basis for its decision. (See *People v. Mooc, supra*, 26 Cal.4th at p. 1229 [in ruling on *Pitchess* motion, the trial court should make a record of the documents it examined by describing them on the record]; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 462 [same].) Therefore, we are powerless to disturb its ruling.

## DISPOSITION

The trial court's true finding on the prior conviction allegation is reversed, and the matter is remanded for a determination of the truth of that allegation. In all other respects, the judgment is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

GOETHALS, J.

DELANEY, J.