Filed 4/15/16  In re Natalie S. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

<table>
<tr><td>In re NATALIE S., a Person Coming Under the Juvenile Court Law.</td><td></td></tr>
<tr><td>THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NATALIE S.,<br><br>Defendant and Appellant.</td><td>F072476<br><br>(Super. Ct. Nos. 15CEJ600404-1 &amp; 15CEJ600404-1A)<br><br>**OPINION**</td></tr>
</table>

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Franson, J. and Peña, J.

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119, which extended *Wende* review to a minor's first appeal in a delinquency case. Having reviewed the record as required by those opinions, we affirm.

## STATEMENT OF THE CASE

On June 17, 2015, the Fresno County District Attorney's Office filed a wardship petition under section 602 of the Welfare and Institutions Code, alleging that Natalie S. was under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a); count 1) and gave false information to a police officer (Pen. Code, § 148.9, subd. (a); count 2).[1] On July 21, the Fresno County District Attorney's Office filed a second wardship petition under Welfare and Institutions Code section 602, alleging Natalie unlawfully possessed acetaminophen and hydrocodone bitartrate, a controlled substance, in violation of Health and Safety Code section 11350, subdivision (a).

On July 22, a plea agreement was reached. Natalie waived her constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. (See *In re Ronald E.* (1977) 19 Cal.3d 315, 320-321, abrogated on another ground by *People v. Howard* (1992) 1 Cal.4th 1132, 1174-1178, as stated in *People v. Mosby* (2004) 33 Cal.4th 353, 360-361.) The court advised her of the consequences of admitting the allegations, including that the maximum possible period of confinement was one year four months. Natalie then admitted count 1 of the first petition and the allegation contained in the second petition. For purposes of a factual basis (Cal. Rules of Court, rule 5.778(f)(6); see Pen. Code, § 1192.5), she stated, with respect to the first petition, that she was "high on meth," and, as to the second petition, that she had a bottle full of prescription pills in her bag that were not prescribed to her. In light of the plea, count 2

---

[1] Unspecified references to dates in the statement of the case and facts are to the year 2015.

of the first petition was dismissed upon the prosecutor's motion, reserving the right to comment and restitution.

The juvenile court found notice had been given as required by law; Natalie's name, date of birth, and county of residence were as set forth on the petition; Natalie knowingly and intelligently waived her rights; Natalie understood the nature of the conduct alleged and the consequences in each petition; Natalie's admissions were freely and voluntarily made; there was a factual basis for each admission; the allegations of the petitions as admitted were true; Natalie came within the provisions of section 602 of the Welfare and Institutions Code; and the offenses were misdemeanors by law.

The disposition hearing took place on August 12. After a lengthy discussion of the drug treatment options that were available and appropriate for Natalie's circumstances, the court declared Natalie a ward of the court, placed her on probation on various terms and conditions until September 12, 2016, and remanded her to the Fresno County Juvenile Justice Center's substance abuse unit for 180 days.

Natalie filed a timely notice of appeal.

## FACTS

At approximately 9:40 a.m. on April 14, a Clovis police officer was dispatched to a residence where Natalie, a reported runaway, was staying. When the officer located Natalie, who was with an adult male, she refused to speak. The adult male gave Natalie's name to the officer. Natalie then admitted she had "snorted" approximately three grams of methamphetamine in the last five days. Natalie's blood tested positive for methamphetamine and marijuana.

At approximately 1:00 p.m. on June 16, officers responded to a report of narcotics activity at the Hilton Garden Hotel in Clovis. The hotel manager, Chris Milton, related he had received complaints from guests, stating there was smoke coming from room 416. Milton went to the room, where a female answered the door. Neither she nor a male in

3.

the room were registered hotel guests, and Milton asked them to leave. Milton subsequently found drug paraphernalia in the room, as did the officers.

Around 2:50 p.m. that same day, officers returned to the hotel in response to a call that four people were collecting their belongings from room 416. Natalie was one of these individuals. Her purse, inside of which was a prescription pill bottle containing 27 pills that had not been prescribed to her, was found in a vehicle belonging to one of the subjects.

In an interview with the probation officer, Natalie reported she had "snorted" or smoked methamphetamine on a daily basis for the last two years. She said she smoked marijuana once a month, and also took prescription medication when she could obtain it. Natalie related that she wanted to stop using drugs and felt she could be successful in treatment.

## APPELLATE COURT REVIEW

Natalie's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436; *In re Kevin S.*, *supra*, 113 Cal.App.4th 97.) The opening brief also includes the declaration of appellate counsel, stating that Natalie was advised she could file her own brief with this court. By letter dated February 3, 2016, we invited Natalie to submit additional briefing. To date, she has not done so.

After independent review of the record, we conclude there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.