Filed 4/13/21  P. v. McDade CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TONY CLIFTON MCDADE,<br><br>    Defendant and Appellant. | B301180<br><br>(Los Angeles County<br>Super. Ct. No. YA099573) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund W. Clarke, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

The People charged Tony Clifton McDade with unlawful driving or taking a vehicle, in violation of Vehicle Code section 10851, subdivision (a), and alleged he had two prior felony convictions, one for the same offense and one for carjacking. At trial McDade admitted the prior conviction allegations, and the court found them true. The jury convicted McDade, and the court sentenced him to a prison term of six years eight months.

McDade appealed. He argues the trial court, before accepting his admission of the prior conviction allegations, failed to adequately advise him of his constitutional rights; in particular, his rights not to incriminate himself, to a jury trial, and to confront adverse witnesses. McDade contends that, as a result, he did not knowingly, intelligently, and voluntarily waive his rights before admitting the allegations. Because the trial court sufficiently advised him of his rights, we affirm the judgment.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *The People Charge McDade with Unlawfully Driving or Taking a Vehicle*

McDade broke a car window and stole from the glove compartment several items, including the spare key to the owner's other car. Two days later McDade stole the owner's other car. Two weeks after that, police officers observed McDade removing items from the stolen car. The police arrested McDade and found the spare key in his pocket.

The People charged McDade with unlawful driving or taking a vehicle, in violation of Vehicle Code section 10851, subdivision (a). The People alleged McDade suffered a prior conviction, less than a year earlier, for the same offense (*id.*, § 10851, subd. (e); see Pen. Code, § 666.5, subd. (a)), for which he was on probation. The People also alleged McDade had a prior conviction for carjacking (Pen. Code, § 215), a serious or violent felony conviction within the meaning of the three strikes law (*id.*, §§ 667, subds. (b)-(i), 1170.12).

B.     *McDade Does Not Present a Defense at Trial and Admits the Prior Conviction Allegations*

The People called four witnesses; counsel for McDade cross-examined one of them, but declined to question the other three. After the People rested, counsel for McDade advised the court that McDade would not testify or otherwise present a defense. The court stated, "Mr. McDade, you could testify in your own defense if you choose to . . . . You also have the right to remain silent. It's your right and your right alone. . . . So if you're going to rest your case without testifying, I'm assuming that you know that the choice was yours; that you could testify or you could remain silent. Am I right that you know that that is your choice to make?" McDade responded, "Yes, Your Honor."

Before closing argument, and outside the presence of the jury, counsel for McDade announced McDade was "willing to admit his prior convictions" as alleged. The trial court, again addressing McDade directly, explained that, if he admitted the allegation of a prior conviction for carjacking, the conviction would be a serious or violent felony for purposes of the three strikes law and that, if he admitted the allegation of a prior

3

conviction for violating Vehicle Code section 10851, subdivision (a), the conviction could increase his sentence because the current offense would be his second violation of that statute. The court further advised McDade as follows:

"The Court: So, either one of these [alleged prior convictions], or both, could end up adding to the time that you would receive on a sentence. You could say nothing, and the prosecution would have to prove these to the jury; or you could testify in defense of your case in a separate phase and say, these aren't my convictions, they aren't me, or [they are] for some other charges. If a reasonable doubt were established, then they should not be found true.

"If you admit to me that those are true, I will find them true, and then I'll wait to see if they come into play or not; but any chance of presenting it to the jurors, any chance of testifying, any chance of challenging these as true will be gone if you admit that these prior convictions are true.

"With that in mind, do you wish to admit that each of the prior convictions that I've described is true?

"[McDade]: Yes, Your Honor.

"The Court: I accept your admission. I find true each of the allegations of prior convictions. I find that you voluntarily admitted them and knowingly and intelligently waived the rights associated with the jury trial, and the right to a court trial. The court takes no action regarding those admissions. They don't come into play unless there is in fact a conviction."

4

C.    *The Jury Convicts McDade, and the Trial Court Sentences Him*

The jury convicted McDade of unlawful driving or taking a vehicle.  Prior to sentencing, McDade filed a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to dismiss his prior serious or violent felony conviction for purposes of the three strikes law.  In his motion McDade stated he "admitted that he suffered a prior conviction [for carjacking] and also admitted to a probation violation" for his prior conviction for unlawfully taking or driving a vehicle.  The court denied the *Romero* motion and sentenced McDade to a prison term of six years eight months, consisting of the middle term of three years under Penal Code section 666.5, subdivision (a), doubled under the three strikes law, plus a consecutive term of eight months for violating probation.  McDade timely appealed.

**DISCUSSION**

McDade argues he did not knowingly, intelligently, and voluntarily admit the prior conviction allegations because the trial court only "cryptically" advised him of his constitutional rights before accepting his admission and because "there is no way to discern whether [he] knew that his trial rights extended to trial on the prior convictions."  We conclude that, even if the trial court did not explicitly advise McDade of all of his rights before accepting his admission, under the totality of the circumstances McDade understood his rights and knowingly, intelligently, and voluntarily waived them.

5

A.    *Applicable Law and Standard of Review*

"When a criminal defendant enters a guilty plea, the trial court is required to ensure that the plea is knowing and voluntary.  [Citation.]  As a prophylactic measure, the court must inform the defendant of three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers—and solicit a personal waiver of each.  [Citations.]  Proper advisement and waiver of these rights, conducted with 'the utmost solicitude of which courts are capable,' are necessary 'to make sure [the accused] has a full understanding of what the plea connotes and of its consequence.'" (*People v. Cross* (2015) 61 Cal.4th 164, 170; see *Boykin v. Alabama* (1969) 395 U.S. 238, 243-244 [89 S.Ct. 1709, 23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122, 130-133.)  "[T]he same requirements of advisement and waiver apply when a defendant admits the truth of a prior conviction allegation that subjects him to increased punishment." (*Cross,* at p. 170; see *ibid.* ["'*Boykin* and *Tahl* require, before a court accepts an accused's admission that he has suffered prior felony convictions, express and specific admonitions as to the constitutional rights waived by an admission'"]; *In re Yurko* (1974) 10 Cal.3d 857, 863 [same].)  Lack of proper advisement "'compels a determination that the waiver was not knowingly and intelligently made.'" (*Cross,* at p. 170.)

A trial court's failure to properly advise a defendant of his or her rights before accepting an admission, however, "'is not reversible "if the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances."'" (*People v. Farwell* (2018) 5 Cal.5th 295, 302; see *People v. Sivongxxay* (2017) 3 Cal.5th 151, 167 [we "examine

6

the totality of the circumstances" in deciding "whether a defendant knowingly and intelligently waived his rights in entering a guilty plea"]; see also *Farwell,* at p. 303 [totality of the circumstances test "applies in *all* circumstances where the court fails, either partially or completely, to advise and take waivers of the defendant's trial rights before accepting a guilty plea"]; *People v. Cross*, *supra*, 61 Cal.4th at pp. 179-180 [same].) "'[I]n applying the totality of the circumstances test, a reviewing court must "review[ ] the whole record, instead of just the record of the plea colloquy."'" (*Farwell*, at p. 302; see *Cross*, at pp. 179-180.) A review of the entire record "sheds light on defendant's understanding" of his or her rights and the implications of waiving those rights. (*People v. Mosby* (2004) 33 Cal.4th 353, 365.) "For instance, 'a defendant's prior experience with the criminal justice system' is . . . 'relevant to the question [of] whether he knowingly waived constitutional rights'" because "previous experience in the criminal justice system is relevant to a recidivist's '"knowledge and sophistication regarding his [legal] rights."'" (*Ibid*.; see *Sivongxxay*, at p. 173, fn. 8 ["relevant circumstances include not only the colloquy, but also defendant's prior criminal history, other events before and after the waiver was entered, and the fact that defendant was represented by counsel"].)

      B.    *Under the Totality of the Circumstances McDade Knowingly, Intelligently, and Voluntarily Waived His Rights*

After counsel informed the trial court McDade would admit the prior conviction allegations, the court advised McDade that a true finding on the allegations could subject him to an

7

increased sentence. For that reason, the court stated, McDade had two options: He "could say nothing" or he could testify and deny the allegations. In advising McDade that he could remain silent, the court effectively apprised him of his right not to incriminate himself. In fact, that was the second time the court advised McDade of that right; earlier in the trial, when counsel informed the court McDade would not be presenting a defense, the court advised McDade that he had the right not to testify (as well as the right to testify). McDade stated he understood and he chose not to testify. (See *People v. Mosby*, *supra*, 33 Cal.4th at p. 364 [a defendant who "had *just* undergone a jury trial at which he did not testify . . . not only would have known of, but had just exercised, his right to remain silent at trial"].)

The trial court also told McDade that, if he chose not to admit the allegations, "the prosecution would have to prove these to the jury," but that, if he admitted the allegations, "any chance of presenting [them] to the jurors . . . will be gone." The trial court also stated that, even if McDade said nothing, the People would still have to prove the allegations. There was nothing "cryptic" about this advisement. The court was telling McDade that he had a right to a jury trial on the prior conviction allegations and that he would lose that right if he admitted the allegations (which confirmed he had such a right to lose).

And although the court did not specifically mention confrontation, McDade knew he had the right to confront and cross-examine the witnesses the People would call to prove the prior conviction allegations because he had already exercised that right earlier in the trial and witnessed what the exercise of that right looked like. Counsel for McDade cross-examined one of the four prosecution witnesses at the trial and had the opportunity to

8

cross-examine the others. McDade understood he would have that same right in a trial on the prior conviction allegations. (See *People v. Mosby*, *supra*, 33 Cal.4th at p. 364 ["because [defendant] had, through counsel, confronted witnesses at the immediately concluded trial, he would have understood that at a trial he had the right of confrontation"].)

Other circumstances confirmed that McDade understood his constitutional rights and knowingly, intelligently, and voluntarily waived them. McDade was familiar with his constitutional rights and what it meant to waive them. He had a criminal history, which included pleading no contest to the same offense less than a year earlier. (See *People v. Mosby*, *supra*, 33 Cal.4th at p. 365 [defendant's previous experience completing a *Boykin/Tahl* form advising him of his constitutional rights before pleading guilty "sheds light on defendant's understanding" of those rights, especially where the defendant pleaded guilty to "'the very conviction that he was now admitting'"].) Because McDade "'knew he did not have to admit [the prior conviction allegations] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past'" (*Mosby*, at p. 365), McDade knowingly, intelligently, and voluntarily admitted the prior conviction allegations in this case.

9

## DISPOSITION

The judgment is affirmed.


SEGAL, Acting P. J.


We concur:


FEUER, J.


McCORMICK, J.*

---

*      Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.