Filed 3/22/24  P. v. Cain CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097421 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR000493) |
| v. | |
| RAY RAY CAIN, | |
| Defendant and Appellant. | |

A jury found defendant Ray Ray Cain guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] with a true finding of a special circumstance allegation of torture (§ 190.2, subd. (a)(18)), and fleeing a pursuing peace officer while driving recklessly (Veh. Code, § 2800.2).  In bifurcated proceedings, defendant admitted two prior convictions (§§ 245, subd. (a)(1), 664/192).  The trial court sentenced defendant to an

---

[1]     Undesignated statutory references are to the Penal Code.

1

aggregate term of life without the possibility of parole plus five years for the prior serious felony enhancement. The trial court also imposed fines and fees, including a $10,000 restitution fine. On appeal, defendant contends that the true findings on his prior convictions must be reversed because the trial court did not advise him of his constitutional rights to remain silent and to confrontation. Defendant also argues that his trial counsel provided ineffective assistance for not objecting to the $10,000 restitution fine. We disagree with defendant's claims and will affirm the judgment. We have, however, noticed a clerical error in the abstract of judgment. The abstract of judgment reflects a sentence enhancement citing the incorrect enhancement statute. Accordingly, we will direct the trial court to prepare a corrected abstract of judgment and forward the corrected abstract to the Department of Corrections and Rehabilitation.

BACKGROUND

Defendant went to J.G.'s apartment, assaulted J.G., choked him, and threw him down the stairs. Defendant tied J.G.'s feet and tied the other end of the rope to the back of a motorcycle. When a police officer arrived on the scene, defendant sped away on the motorcycle with J.G. still tied to the back. Defendant led police officers on a high-speed chase, dragging J.G. by his ankles through public streets until J.G. slammed into a curb and the rope snapped.

The jury found defendant guilty of first degree murder and fleeing a pursuing peace officer's motor vehicle while driving recklessly. The jury also found true the special circumstance allegation that the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)). In bifurcated proceedings, defendant admitted two prior convictions: (1) attempted voluntary manslaughter (§§ 664/192) in 2008 and (2) assault with a deadly weapon (§ 245, subd. (a)(1)) in 2007.

At sentencing, the trial court declined to exercise its discretion to strike any of defendant's prior strikes. The trial court sentenced defendant on count one to life without the possibility of parole for murder with a special circumstance and imposed a five-year

2

prior serious felony conviction enhancement. For fleeing a pursuing peace officer as alleged in count two, the trial court imposed the midterm of two years, doubled to four years for the prior strike, but stayed the sentence pursuant to section 654. The trial court also imposed a $10,000 restitution fine.

## DISCUSSION

## I

### *Prior Conviction Allegations and Admissions*

Defendant contends the trial court erred in failing to advise him of his constitutional rights to confrontation and to remain silent prior to the admission of his prior convictions. According to defendant, as a result of these inadequate advisements, the trial court failed to obtain a knowing, voluntary, and intelligent admission of the prior conviction allegations. The People concede that the trial court did not fully advise defendant of his rights before his admission but argue that defendant's admission was knowing and voluntary based on the totality of the circumstances.

### *A. Additional background*

At the beginning of the trial, defendant opted to bifurcate the proceedings on his prior convictions. During trial, defendant, through counsel, cross-examined five of the People's witnesses. After the trial court ruled it would not allow testimony from the only witness defendant initially intended to call, he had a lengthy discussion with his attorney and decided to testify. The trial court asked defendant if his attorney had discussed the advantages and disadvantages of testifying, and defendant confirmed he did. Defendant confirmed that he still wanted to testify. The trial court told defendant that if he needed to speak with his attorney during his testimony, he should let the trial court know.

During defendant's testimony, he admitted that he had a 2008 conviction for attempted voluntary manslaughter and two 2007 convictions for assault with a deadly weapon and that he served over eight years in prison for one of the 2007 convictions. He also testified that while he was in prison, he pled guilty to assault with a deadly weapon

3

or by force likely to cause great bodily harm for punching and breaking another man's jaw.

After the jury deliberated, but before it announced its verdict, the trial court informed counsel, "I intend to bring the jury in in a moment and ask what the verdict is. However, we did discuss prior to that time having your client waive jury on the priors." To which defense counsel advised the court, "Sure. I've discussed the matter with [defendant] previously, Your Honor. He's indicating he's willing to waive his right to a jury trial on the issue of priors." The trial court then informed defendant that he had the right to have the same jury make a finding on his prior convictions. The trial court explained that it would be a "little trial . . . just only on that issue." The trial court stated that if defendant waived the jury trial, he could still decide whether he wanted a court trial or if he wanted to admit the prior convictions after the verdict, "but right now, you're giving up your right to have the jury decide that." The trial court then asked defendant if that was what he wanted to do, and defendant replied, "Yes, Your Honor." When the trial court asked defendant whether he'd had enough time to speak with his counsel about waiving jury trial, defendant replied, "Yes." Defense counsel joined in the waiver and the court accepted the waiver as knowing, intelligent, and voluntary.

After the jury announced its verdict, the trial court again asked how defendant wanted to handle the prior convictions. Defense counsel stated that defendant wanted to admit the prior convictions. The trial court listed the prior convictions of attempted voluntary manslaughter in 2008 and assault with a deadly weapon in 2007. Defendant admitted both prior convictions. The trial court accepted the admissions, again finding them to be knowing, intelligent, and voluntary.

*B. Analysis*

Prior to accepting a defendant's admission of a prior conviction, the trial court "must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront

4

adverse witnesses.  [Citation.]  Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction."  (*People v. Mosby* (2004) 33 Cal.4th 353, 356.)  "[I]f the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances."  (*Id*. at p. 361.)  In applying the totality of the circumstances test, "previous experience in the criminal justice system is relevant to a recidivist's ' "knowledge and sophistication regarding his [legal] rights." ' "  (*Id*. at p. 365.)  A trial court's "failure to properly advise a defendant of his or her trial rights is not reversible 'if the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances.' "  (*People v. Cross* (2015) 61 Cal.4th 164, 179.)

Here, the trial court advised defendant of his right to have the "same jury decide whether or not your prior convictions are true.  And so we would have essentially another, like, little trial on that, just only on that issue."  However, the trial court provided an incomplete advisement when it failed to advise defendant of his right to remain silent and right to confront witnesses before accepting his admission of his prior convictions.  This was error.  (*People v. Mosby, supra*, 33 Cal.4th at p. 356.)  Accordingly, we must review the entire record to determine whether defendant's admission was voluntary and intelligent.  (*Id.* p. 361.)

Defendant admitted the prior convictions immediately following a jury trial in which he exercised not only his right to confront witnesses, but to testify on his own behalf.  Defendant points out that he did not exercise his right to remain silent in the trial that preceded his waiver, and without complete advisements could not know that he could invoke such silence.  The record belies this contention.  Once defense counsel indicated defendant intended to testify, the trial court asked defendant, "I'm assuming that your attorney has discussed all the advantages and pitfalls of taking the stand; is that correct?"

5

To which defendant replied, "Yes, Your Honor." The trial court then asked defendant, "Having taken his advice, you still want to go ahead and take the stand?" To which defendant replied, "Yes, ma'am." This colloquy demonstrates defendant's understanding that he had a choice whether to testify or not.

Additionally, defendant's prior criminal history is also relevant to the question of whether he knowingly waived his constitutional rights. (*People v. Mosby, supra*, 33 Cal.4th at p. 356.) Although defendant's prior convictions were remote, he has extensive experience in the criminal justice system, including a prior guilty plea for which he would have received an advisement of his rights to remain silent and confront witnesses. Thus, the totality of the circumstances show defendant knew he was entitled to have the jury determine the truth of his prior convictions, he knew he could choose whether or not to testify in front of that jury, he had just participated in a jury trial where he, through counsel, had confronted witnesses, and he had prior experience in the criminal justice system. Thus, we conclude the totality of the circumstances affirmatively show his admissions to the prior convictions were knowingly, intelligently and voluntarily entered.

II

*Ineffective Assistance of Counsel*

Defendant contends that his trial counsel provided ineffective assistance of counsel by failing to request a reduction of the $10,000 restitution fine based on inability to pay. Specifically, defendant argues that he did not have the present ability to pay the fine and lacked a reasonable prospect of having a future ability to pay. Defendant further asserts that in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which was decided over three years before defendant's sentencing, trial counsel fell below an objective

6

standard of reasonableness by failing to request a reduction and the failure prejudiced him.[2]

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland*, at pp. 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, a "defendant must also show ' "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " (*People v. Torres* (1995) 33 Cal.App.4th 37, 49.) It is not enough to establish prejudice for a defendant to propose that counsel's performance had some "conceivable effect" on the outcome; rather, a defendant must show a reasonable probability of a different result but for counsel's errors. (*Strickland*, at pp. 693-694.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933; *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.)

Because we find that the lack of objection to the restitution fine did not prejudice defendant, we conclude defendant has not met his burden to demonstrate ineffective assistance of counsel. As an initial matter, *Dueñas* held that a restitution fine "must be

---

**2** To the extent defendant complains about the amount of the fine, he failed to object before the trial court and has forfeited his right to challenge it here. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

7

stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*People v. Dueñas, supra*, 30 Cal.App.5th at p. 1164.) Our Supreme Court will resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which held that due process does not require the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes restitution fines under section 1202.4. (*Kopp*, at pp. 96-97.) In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928-929.) Defendant's claim that the failure to object prejudiced him because of the significant impact of *Dueñas* is thus without merit.

Further, the court was entitled to consider defendant's potential future earnings, including prison wages and monetary gifts from family and friends, in determining his ability to pay the restitution fine. (*People v. Aviles, supra*, 39 Cal.App.5th at p. 1077; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [a defendant sentenced to prison did not show absolute inability to pay $10,000 restitution fine even though prison wages would make it difficult for him to pay the fine, it would take a very long time, and the fine might never be paid].) Defendant was only 38 years old when he was sentenced, and the record does not reflect any physical or mental impairments that would prevent him from working during his life sentence in prison. Lastly, in setting the amount above the statutory minimum, the trial court was required to consider relevant factors including not only ability to pay but also "the seriousness and gravity of the offense and the circumstances of its commission." (§ 1202.4, subd. (d).) The trial court found

defendant's crime was of the utmost seriousness and gravity as it noted "the sheer brutality of the instant crime and the callousness with which it was committed" and stated that "this community has never experienced such an inhumane and vicious crime."

Given the nature of defendant's crime and his ability to earn prison wages and receive monetary gifts from family and friends, we conclude there is no reasonable probability that there would have been a different result but for defense trial counsel's lack of objection.

### III

### *Clerical Error*

The trial court imposed the five-year prior serious felony conviction enhancement under section 667, subdivision (a)(1). However, the abstract of judgment reflects that the trial court imposed the enhancement under section 667.5, subdivision (a)(1). We direct the trial court to correct this clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting the imposition of the five-year prior serious felony conviction enhancement pursuant to section 667, subdivision (a)(1) and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
KRAUSE, J.

_____/s/_____
WISEMAN, J.*

---

\*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10