Filed 12/5/24  P. v. Gonzales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

<table>
<tr><td>THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANK RAYMOND GONZALES,<br><br>Defendant and Appellant.</td><td>H050612<br>(Santa Clara County<br>Super. Ct. No. C2017737)</td></tr>
</table>

After a jury convicted Frank Raymond Gonzales of various domestic violence offenses, Gonzales admitted a prior strike conviction.  (Pen. Code, §§ 667.5, subd. (c), 1192.7, subd. (c).)  Gonzales's sole claim on appeal is that his admission must be vacated because the trial court did not advise him of each of his trial rights under *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*) and *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*), so he could not have intelligently and voluntarily waived them.  We conclude that Gonzales's admission of the strike prior allegation was "intelligent and voluntary in light of the totality of circumstances."  (*People v. Mosby* (2004) 33 Cal.4th 353, 361 (*Mosby*).)  We affirm the judgment.

## I.    BACKGROUND

The Santa Clara County District Attorney charged Gonzales with inflicting corporal injury on a spouse or coparent with a prior conviction for domestic violence (Pen. Code, § 273.5, subd. (f)(2); count 1), threats to commit a crime resulting in death or

great bodily injury (§ 422, subd. (a); counts 2 & 5), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 3), violating domestic violence-related protective orders with prior conviction for the same (§ 166, subd. (c)(4); counts 4 & 7), and vandalism (§ 594, subd. (b)(1); count 6).[1]  The information further alleged that Gonzales sustained a prior conviction for a strike offense—specifically, assault with a deadly weapon in violation of section 245, subdivision (a)(1).  (§§ 667.5, subd. (c), 1192.7, subd. (c).)

Gonzales exercised his right to a jury trial on the substantive offenses and allegations.  Gonzales did not testify at trial, and the court instructed the jury that he had "an absolute constitutional right not to testify."  Before the close of evidence, the parties stipulated that between 1987 and 2018, Gonzales had "pled no contest" in 10 separate criminal cases admissible under Evidence Code section 1109.[2]

The jury found Gonzales guilty of two counts of violating protective order (counts 4 and 7), found true the allegation that Gonzales had sustained a conviction for the same violation within the last seven years, and found true, with respect to one of the violations, that Gonzales had engaged in conduct involving an act or credible threat of violence.  The jury acquitted Gonzales of the remaining counts but found him guilty of three lesser included misdemeanor offenses.

Moments before the jury returned verdicts on these substantive offenses, Gonzales informed the trial court that if convicted, he would waive jury trial on the bifurcated strike allegation.  The court then advised Gonzales of his trial rights:

Court:  "You have the right to have a jury decide the truth of that [strike prior] allegation.  [¶]  Do you understand that?"

---

[1] Undesignated statutory references are to the Penal Code.

[2] The parties' stipulation included that Gonzales in March 1992 had pleaded no contest to a violation of section 245, subdivision (a)(1), assault with a deadly weapon, under the same docket number identified in the strike allegation.

2

Gonzales: "Yes, sir."

Court: "If you give up that right, the truth of that allegation will be decided by a judge in a court trial proceeding where you would have all the same rights that you have in front of a jury, but it would be the [c]ourt who makes the decision as to whether the People have proved the truth of the prior conviction allegation beyond a reasonable doubt as opposed to a jury. [¶] Do you understand that?"

Gonzales: "I do understand."

Gonzales further confirmed that he had discussed with his counsel the waiver of his trial rights and that he remained willing to waive his right to a jury trial on the prior strike allegation.

The court accepted the waiver, finding it to be "knowing, intelligent, free, and voluntary, with the advice of counsel."

Appearing 12 days later for court trial on the strike allegation, defense counsel informed the court that Gonzales was "prepared to either waive trial or admit [the prior conviction], whatever the proper phrase is."

The court asked Gonzales: "[I]s it your wish to waive a trial on the—on proving up the strike prior?" When Gonzales answered that it was, the court asked: "So, Mr. Gonzales, you admit that on or around April 8th, 1992, you were convicted of violating Penal Code [s]ection 245[, subdivision] (a)(1), which was assault with a deadly weapon, . . . a bottle? And that was in Santa Clara County Superior Court Docket [No.] C9280920." Gonzales replied, "Yes, Your Honor."

The trial court sentenced Gonzales to six years on count 7—a three-year upper term doubled for the strike prior—and a consecutive term of 364 days for one misdemeanor; custodial terms imposed for the remaining misdemeanors were run concurrently or deemed satisfied by pretrial custody served.

Gonzales timely appealed.

3

## II.    DISCUSSION

The parties agree that the trial court erred in failing to advise Gonzales of each *Boykin-Tahl* right but dispute prejudice—whether the record nevertheless shows Gonzales's admission of his strike prior allegation to be intelligent and voluntary. Despite the incomplete advisement, we find the totality of circumstances does not warrant reversal.

### A.    *Legal Principles*

Because a defendant who pleads guilty or no contest to a criminal charge waives certain federal constitutional trial rights, a trial court may not accept such a plea without first exercising "the utmost of solicitude . . . in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." (*Boykin*, *supra*, 395 U.S. at pp. 243–244.)  Because section 1025 affords an accused the right to trial on the allegation of a prior felony conviction, a California court must exercise "comparable solicitude" before accepting the admission of the allegation, providing "express and specific admonitions" of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination.  (*In re Yurko* (1974) 10 Cal.3d 857, 863 & fn. 5; see *Boykin*, *supra*, 395 U.S. at p. 243; *Tahl*, *supra*, 1 Cal.3d at pp. 132–133.)

But since the United States Supreme Court has held that the Sixth Amendment jury trial right does not extend to determination of the fact of a prior conviction, the California Supreme Court has accordingly held that failing to advise a defendant of each of his *Boykin-Tahl* rights no longer results in automatic reversal of such a determination. (See *Mosby*, *supra*, 33 Cal.4th at p. 360 [affirming judgment despite trial court's *Boykin-Tahl* error].)  Rather, "[i]f the transcript [of the colloquy] does not reveal complete advisements and waivers, the reviewing court must examine the record 'of the entire proceeding' to assess whether the defendant's admission of the prior conviction

4

was intelligent and voluntary in light of the totality of the circumstances." (*Mosby*, at p. 361.)

**B.**     ***The Admission was Voluntary and Intelligent***

The trial court here advised Gonzales of his right to a jury trial but neglected to advise him of his right of confrontation or his privilege against self-incrimination.  The totality of the circumstances, however, reflect that Gonzales's admission of his prior conviction was nevertheless intelligent and voluntary.

As in *Mosby*, Gonzales had just concluded the exercise of his constitutionally guaranteed right to trial by jury when he waived his right to have a jury decide the bifurcated prior conviction allegation.  (See *Mosby*, *supra*, 33 Cal.4th at p. 364.)  During his trial on the substantive offenses, Gonzales elected not to testify in his own defense and through counsel cross-examined each witness testifying against him.  So at the time of his waiver, "he not only would have known of, but had just exercised, his right to remain silent at trial" and to confront witnesses.  (*Ibid*.)  Also, as in *Mosby*, Gonzales had been represented by counsel not only throughout his jury trial but when waiving his right to further jury trial on the prior strike allegation and again when admitting the prior strike conviction in lieu of a court trial.  (See *ibid*.)  Indeed, it was Gonzales who, through counsel on the date set for the court trial, volunteered that he would admit the strike conviction rather than have the court determine the truth of the allegation.[3]  And finally, as in *Mosby*, the admitted prior conviction had been based on Gonzales's plea, "at which he would have received [the same] *Boykin-Tahl* advisements" presently at issue:  His "previous experience in the criminal justice system is relevant to [his] ' "knowledge and

---

[3] Gonzales argues that even if he understood his jury trial rights at the time of his jury waiver, "there is no assurance . . . that he would understand that those rights applied to a court trial as well as to a jury trial."  The record belies this contention:  When Gonzales waived jury trial, the trial court was explicit that if Gonzales chose to proceed by court trial, he would "have all the same rights that [he would] have in front of a jury," and Gonzales indicated that he understood.

5

sophistication regarding his [legal] rights" ' " and, by logical extension, " 'to the question [of] whether he knowingly waived constitutional rights.' " (*Id.* at p. 365.) All of these factors vitiated potential prejudice from the trial court's incomplete *Boykin-Tahl* advisement. (See *ibid.* [holding that totality of circumstances demonstrated that Mosby had "voluntarily and intelligently" admitted prior convictions, despite defective advisement].)

Gonzales contends his circumstances are closer to *People v. Lloyd* (2015) 236 Cal.App.4th 49, 59 (*Lloyd*), where the court declined to find the defendant's admission voluntary and intelligent after incomplete *Boykin-Tahl* admonitions. But in *Lloyd*, distinguishing circumstances prevented the reviewing court from concluding that the recency of jury trial, continuity of counsel, or experience with the criminal legal system mitigated the likelihood of prejudice.

In *Lloyd*, more than seven months elapsed between the jury trial and the defendant's admission of the prison priors, during which time the defendant's trial counsel declared a conflict of interest, new counsel was appointed, and trial on the priors was continued "a number of times"—none of which happened here.[4] (*Lloyd*, *supra*, 236 Cal.App.4th at p. 59.) And although the defendant in *Lloyd* had prior convictions, the record did not disclose whether those convictions were by trial or by plea, so the court was unable to " 'infer that [the defendant] would have received advisements in his prior cases.' " (*Id.* at pp. 59–60, citing *People v. Christian* (2005) 125 Cal.App.4th 688, 697.) By contrast, all 10 of Gonzales's prior convictions to which the parties stipulated resulted from no-contest pleas. While Gonzales correctly notes that many of his prior convictions are old, the sequence of his 10 no-contest pleas continued to 2018, about four years

---

[4] Gonzales would have us distinguish the 12-day interval here from *Mosby*, *supra*, 33 Cal.4th 353, where the defendant had "just" exercised his *Boykin-Tahl* rights. We do not, however, consider the experience of jury trial and the full exercise of all one's *Boykin-Tahl* rights to be so trivial as to evanesce in a matter of days.

before trial.  Considering both the number and the relative age of all prior pleas, we are satisfied that both permit an inference that Gonzales's past experience in the criminal legal system bolstered the intelligence of his waiver.

We conclude, based on the totality of the circumstances, that Gonzales's admission of the strike prior allegation was intelligent and voluntary.

### III.    DISPOSITION

The judgment is affirmed.

_____
LIE, J.

WE CONCUR:

_____
BAMATTRE-MANOUKIAN, Acting P. J.

_____
GROVER, J.

*People v. Gonzales*
H050612